**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Teddy Moore | ) Index No. 10 CV 00527(SLT)(CLP) |
| Plaintiff | ) |
| -Against- | ) |
| T-Mobile USA Inc. | ) |
| Defendant | ) |

RECEIVED
APR 20 2010
PRO SE OFFICE

## AFFIRMATION IN OPPOSITION

I the undersigned, Teddy Moore, Plaintiff in this case declare under penalty of perjury as follows:

### PRELIMINARY STATEMENT

1.  This is my affirmation in opposition to the motion to compel arbitration and a request to dismiss the motion and hold Defendant, their attorneys and the law firm in violation of rule 11 by court's own initiation under rule [1]11(c) (3), and sanction them in accordance with the law, and/or set **an immediate evidentiary hearing**[2] and/ or remand the case to the state court for an immediate evidentiary hearing and allow to amend the complaint to a class action and proceed as class action in either court.

---

[1] Of Federal Rules of Civil Procedure.
[2] After 5/12/2010 which is the cut-off date to complete discovery by order of the Magistrate Judge.

1

appellate review and were not brought in the second circuit and are obviated by the ruling

2. The motion to compel arbitration violates rule 11, as explained in the letter attached (Exhibit 1) and thus should be dismissed with proper sanctions. Defendant's conduct violates Plaintiff's constitutional right for due process and is not helpful for Defendant's interest either.

<u>JURISDICTION</u>

3. This case was filed properly in the state court (Exhibit 2) because a case that alleges a violation of the federal statute of the Telephone Consumer Protection Act of 1991(TCPA) under 47.U.S.C § 227, 47 C.F.R. 64.1200 (Hereafter "Law") is in the exclusive jurisdiction of the state courts, so ruled the Court of Appeals of the Second Circuit (See: Foxhall Realty law offices, Inc V Telecommunication Premium Services, Ltd docket 97-9147, 156 F.3d 432).

4. The claims of negligence and fraud are not independent claims from the claim of violation of TCPA and are based entirely on facts of the violation of "Duty" and "damages" set by the federal statute, which is in the exclusive jurisdiction of state courts. The diversity jurisdiction in this case is therefore a fiction because this is a classical case of TCPA that was filed in a state court and improperly transported to this court.

5. This court has to follow the guidance of the court of appeals of the second circuit in this matter and not side with the 10th circuit court of appeals. (See: Fax Law Center Inc Vs. I Hire Inc. 476 F.3d 1112). The cases cited by Defendant have not passed master of appellate review and were not brought in the second circuit and are obviated by the ruling of the U.S Supreme Court to deny certiorari for arbitration in favor of Defendant.

2

6.  The facts alleged in the complaint is of a violation of the TCPA only and as Defendant properly noted in their answer to the state court, these facts may be interpreted as negligence and fraud too, based on the violation of TCPA.

7.  Adjudicating this case in a federal court will give conflicting signals to Plaintiffs in state court as to where to file a TCPA claim, because of the risk of being transferred improperly to federal courts and if filed in federal court may be dismissed as proper only in the state court and thus this situation requires clarification by this court as to the proper jurisdiction.

8.  Defendant attempted by the removal of the case from state court to federal court to squander time and avoid swift adjudication on the merits[3]. Now, Defendant continues with this abuse of process declining to adjudicate the case in this court either and request arbitration for the same reason, to put in chaos in the adjudication of the case and so preventing a prompt resolution for me and for thousands other putative class members.

## ARBITRATION

9.  Under the state law as defined by CPLR § Article 75 and the common law, the basis for an arbitration is a "Valid agreement to arbitrate" [4](This is also the case under the Federal Arbitration Act 9 U.S.C Section 1 et seq.) which Defendant has not proven.

10. Had Defendant shown such valid agreement it would have been considered a waived right anyway, because Defendant has not requested to arbitrate on the first opportunity to

---

[3] For this purpose of delay they may still request to adjudicate the matter in the Rabbinical court in Brooklyn or any other religious tribunal

[4] Defendant's attorneys knew that I have no written agreement with Defendant, it was conveyed to Defendant on the appearance in court on 4/24/10 before Judge Pollak,they know it from my notice of violation of rule 11 and they disregarded all the warning as they did in the past with the continues abusive calls for no debt.

do so when appeared in the state court and agreed to litigate the matter in the state court. (See: Sherrrill V. Grayco builder Inc  64 N.Y.2d 261; 475 N.E.2d 772; 486 N.Y.S.2d 159; 1985 N.Y. LEXIS 15870,Sapio V. Kohlmeyer   35 N.Y.2d 402; 321 N.E.2d 770; 362 N.Y.S.2d 843; 1974 N.Y. LEXIS 1157) and this is also the classic rule of the common law which is law in New York under New York's Constitution.

11. Based on the answer by Defendant to the complaint in state court (Exhibit 3) it is obvious that they raised affirmative defenses and requested from the state court to adjudicate the case and thus waived any right to arbitrate and has shown no intent to arbitrate.

12. Thereafter Defendant changed its mind and decided to remove the case from the state court that has exclusive jurisdiction, into the federal court and agreed to the adjudication by the federal court too.

13. Defendant knew or should have known that once it comes into the federal court, the case may end promptly in an evidentiary hearing and disposed promptly by the court without any delays for reasons of discovery, jurisdiction, or any other issue, [28 U.S.C 1446 (c),(5)] and defendant agreed to it by its conduct.

14. Once Defendant's attorneys appeared in federal court they declined to show up as required by law for an evidentiary hearing and raised a bogus claim that they need discovery[5] before an evidentiary hearing. Now they request to scrap all prior proceedings and adjudicate the case before an arbitrator based on nothing.

15. The language of the statute is clear:" If the United States District Court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice

---

[5] They knew about the fraud they perpetrated on thousands of people with illegal calls, and such evidence is in their possession as perpetrators of the fraud.

shall require." [28 U.S.C 1446 (C), (5)] No place for any discovery, arbitration etc. before evidentiary hearing.

16. If justice requires amending the complaint, or requesting discovery or any other issue it must be considered during the evidentiary hearing and the court decides there and then how to proceed. First step in the federal court upon removal of a case from a state court is to move for an evidentiary hearing, if the case was not remanded summarily.

17. The conduct of Defendant is consistent with a determination to litigate the case and not to arbitrate the case and is consistent also with frivolous litigations[6] intended to prolong the litigation or stall the litigation all together as their only defense except for lies.

18. Prior to filing the complaint in state court the parties exchanged letters and Defendant never suggested to Plaintiff to resolve the dispute by arbitration and it seems to be another attempt to avoid a prompt evidentiary hearing only

19. Because of rampant rumors over the Internet, that Defendant is in bankruptcy proceedings, I mailed to them a letter requesting to know if I have to file my complaint in the Bankruptcy court and join with other creditors, or get approval from the bankruptcy court and I requested to know if a case is pending and where, and I have received no reply, I called up the law department of Defendant but nobody was able to give me an answer and nobody suggested to me to file my case in arbitration.

20. I was unable to file this case in arbitration or even to consider arbitration because I had not signed any such agreement and to start an arbitration I have to present to an arbitrator a "Valid agreement to arbitrate" and I have no such agreement, because I have not signed such agreement.

---

[6] In violation of 22NYCRR 130.1-1

21. The "Service agreement" utilized by T-mobile[7] is an adhesion agreement anyway, which is unenforceable, so was declared against T- Mobile, time and again, by federal courts, and the arbitration clause was declared unconscionable see: Chalk Vs. T-Mobile USA Inc 560 F.3d 1087, Lexis 7878, Lexis 67948, Lowden Vs. T-Mobile USA Inc 512 F.3d 1213, Lexis 1190, Certiorari denied Lexis 6681, Lexis 21759.

22. This court should put an end, once and for all, to these continuous bogus claims to compel arbitration by Defendant by imposing severe costs to deter further frivolous litigations and frivolous arguments. Defendant tried their luck with these bogus claims with U.S Supreme Court and they have nowhere to go anymore, and must pay the cost for these frivolous litigations.

23. With all due respect, this court has no jurisdiction to transfer the case to arbitration or stay the litigations, because the law is clear (Either evidentiary hearing or remand) and this court is required by the law to expedite the process and not to stall the process.

24. This court should order an evidentiary hearing and only thereafter may decide how to proceed[8], and Defendant agreed to it and Plaintiff is ready to proceed to prove the case and so should be decided.

25. The issues to be proven in the case are *De minimus* and the court should adhere[9] to the law and bring the matter to a close by a prompt hearing on the evidence and thereafter a prompt disposal of the case either in this court or by a remand to the state court.

---

[7] This seems to be the same unenforceable clause of arbitration running through the entire industry of wireless cell phones: Same was declared in Shroyer V. New Cingular 498  F3d 976., Laster vs. AT&T Mobility 584 F.3d 839,
[8] During the evidentiary hearing this court may decide to amend the case into a class action and the evidence are almost identical to my personal case.
[9] This case can be disposed within one hour in evidentiary hearing and it seems that we are on a path to squander months and years in this case instead to adhere to the law and the consent of the parties and justice.

26. This is the law and Defendant agreed to it by removing the case to this court and thus enjoined to allege otherwise. Because it is so easy to prove the case Defendant decided to make it difficult by squandering time which is not allowed under rule 11 as a pure misconduct by an officer of the court for the only purpose to make money from a case that could have and should have been resolved months ago.

## CLASS ACTION CERTIFICATION

27. This case should be adjudicated as class action because the class is so numerous that joiner of all members is impracticable, there are questions of law and fact common to the class, which predominate over any question affecting any specific individual, the claims and defenses of the representative parties are typical of the claims of the class.

28. The representative parties will fairly and adequately protect the interest of the class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

29. I hereby request to proceed in this case as a class action under FRCP 23,and request from this court to certify the case as class action under provision 23( c) of FRCP

30. The class is defined as follows: Any person in USA who received an audio- dialing call from Defendant in the last seven years, without prior consent of the receiver is a member of the class.

31. The issues and the claims of the class are to be compensated for illegal calls in the amount of $1500 per call, as made willfully and knowingly to Plaintiff's class -member

7

and appoint a class attorney to represent the class and proceed as required under FRCP 23.

32. This court may proceed with the process of approval as a class action during the evidentiary hearing and decide so or remand the case to the state court as this court may find it. I will guide Defendant through the process of notification to the class; opt out of members of the class and final certification of the settlement with the class until an attorney will replace me if at all.

33. It will be fair to approve the case as a class action; this will award many of Defendant's clients' proper compensation by a company that deserves to compensate them all for its egregious conduct of fraud upon its clients.

34. The process and requirements from a class action under State law under CPLR §901 et seq.are almost identical to the requirements under the federal rules

35. I request also to amend the complaint to include an additional class member Plaintiff and as well for a declaratory relief declaring Defendant liable for fraud against their clients/former clients or just unrelated people who were requested to pay for no service or no prior connection with Defendant.

36. Defendant practices of collection by fraud[10] is all over the internet and it includes request of payment from people who have never been clients, from clients who disconnected service seven years prior to the persistent calling to pay a non existing debt, this is a company that should be stopped in their tracks and the time is now, if they will pay for the fraud they will not easily perpetrate fraud again. Defendant has no credibility and is looking for trouble and they will get it resolved in this case.

---

[10] Just enter T-Mobile Fraud or T-Mobile scams in any of the search engines.

37. Complaints against T-Mobile alleging fraud on their clients, by manipulating accounts, making up charges[11], is common practice in the industry of cell phones which gets the highest rates of complaint to authorities for all kind of fraudulent tactics starting with an invalid agreement that takes advantage of their clients and by outright fraud during the time of service and after service is over.

38. I am looking forward to see the answers under oath of two sets of interrogatories that I presented to their CEO, that if answered truthfully will be enough to dispose the case as a class action and if he will perjure himself I will prove the perjury in court.

39. Due to all of the foregoing the motion to compel arbitration should be dismissed with sanction under rule 11 against the Defendant, their attorneys and the law firm.

## IMMEDIATE EVIDENTIARY HEARING

40. This is my request that upon dismissal of the motion to compel arbitration, to set the case as mandated by law for evidentiary hearing without any further delays for any reason.

41. Under the order of discovery by Magistrate Judge Pollak as of 3/24/10: "Parties to serve discovery requests; answer due 5/12/10"[12] and there is ample time to complete the discovery and it was so mandated by 5/12/10 as final date and so the parties will be ready in the evidentiary hearing with full discovery.

42. As I have already indicated, I will request during the evidentiary hearing to approve the case as class action and/or adjudicate the case as class action and waive a jury trial to

---

[11] The fraud is backed by extortion claiming that such bogus debt may ruin the credit report of their victims and so they perpetrate a double fraud.

[12] The order gave the parties more time that is allowed by law to complete discovery and thus there is no reason to request more time in this regard

expedite the process. In the evidentiary hearing I will present all the evidence to enable to this court to adjudicate the class action on the merits. The amendments of the complaint and the class certification can easily be achieved through the evidentiary hearing.

43. In the alternative, I request to order a remand of this case to the state court with instructions to adjudicate the case as class action without a jury or set an immediate evidentiary hearing there, without any further delays which will compensate me and class members for the squandering of the time by Defendant in this process.

44. Defendant's stalling tactics are consistent with a Defendant that will make 280 illegal calls to collect a bogus debt of about $60 and only proper sanctions may bring them back to their senses and reality.

## DEFENDANT'S ALLEGATIONS

### DEFENDANT'S ANSWER MUST BE STRICKEN/JUDGMENT BY DEFAULT ENTERED

45. Defendant requested to amend the answer and it was granted to them, and they did so on 3/31/10. (Exhibit 4) Upon review of the amended answer it is clear that it should be stricken and a judgment by default entered absent a defense to the complaint and for containing general denials only.

46. Defendant has not responded to the complaint on the ground that the complaint states a conclusion of law only and thus there is no need to respond, and therefore has not responded.

47. The summons and endorsed complaint (As prepared by the state clerk of court) states that Defendant made "280 harassing phone calls @ $1500 per call for a total of $420,000"

These harassing calls were made to "Collect a bogus debt of $60" These facts if correct establish a cause of action for violation of the Telephone Consumer Protection Act of 1991 (TCPA) under 47 U.S.C§ 227,47 C.F.R 64.1200.

48. According to the law it is forbidden to use automatic dialing which Defendant used as follows:" "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-  (A) to make any call(Other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice"[Law 5(b)(1)] Defendant like any and all debt collectors use auto-dialing and thus liable for every call they made to Plaintiff. Defendant used also artificial pre recorded voices.

49. A person who alleges auto-dialing made to him has a private right to sue and he may bring it in a state court as follows: PRIVATE RIGHT OF ACTION: " A person or entity, may if otherwise permitted by law or rules of the court of a state, bring an appropriate court of that state" [Law 5(3)] the case brought in the state court for auto-dialing entitles Plaintiff automatically without proof of any damage "To receive $500 in damages for each such violation.." and if the court find that the defendant "Willfully or knowingly" made the auto-dialing it may increase the amount "To an amount to equal to no more than 3 times the amount" (Of $500 to a total of $1500 for each such call) [Law 5(3)( c)]

50. In this case the calls were made "Willfully and knowingly" to collect the bogus debt of $60 and so in other cases.

51. The claim of a debt in the amount of $60 is bogus because: I had no debt on 9/1/09 when I transferred my service to Metro PCS,this fact was confirmed by Metro PCS with

11

Defendant before transferring my service as done customary with new clients. Furthermore, Defendant disconnected my access to my account on the Internet, the same day I transferred the service, because I was no more a customer and had no debt and thus needed not access to the account and therefore Defendant declined my access to the account .Otherwise, why disconnect a persons who pays over the internet and has a debt to be paid?

52. I paid my last dues to Defendant on July 30, 2009 for service by August 30, 2009 and so complied with my duties. These facts are confirmed by a letter (Exhibit 5) that I received from Defendant dated 12/11/09 which states: "Pursuant to T-Mobile's Terms and conditions of service, section 12, you agree to pay your bill on or before the due date each and every month.." and therefore my payment of 7/30/09 was made before the due date (In advance), no cell phone company collects the fees after service but before.

53. Nevertheless, they claim contra to their rules, as if I paid for the "Month prior "and not in the month in advance as the regulations and the practice of all cell phone companies. Furthermore, after "careful consideration"as they put it, of the issues they were unable to contradict the number of calls that they made to me and so admit impliedly to my claim, they just blame me for the calls because I have allegedly a duty to give them a notice of "Cease and desist" and absent such notice they made all the calls. I have no such duty under this law, but Defendant has to say something in its defense and this is what they have in their arsenal.

54. Furthermore, my monthly dues amounted to about $50 per month as a pre-paid customer and therefore to owe them more than that, means that I have not paid my dues for more than a month, which is unreasonable, because the practice by all cell phone companies is

12

to disconnect customers for being late for even one day and make a big business of it, by charging all kind of extra fees. Therefore their claims are utterly bogus and contradict their own statement and practices and are consistent with the same bogus claims to others who sometimes had no business relationship with Defendant ever before.

55. Defendant's claim as if I owe them $60 is not different from their claim by their attorneys now, as if they made to me only 60 calls and not 280 calls as they admitted impliedly in exhibit 5, and it seems that they just like the magic number of sixty and it has nothing to do with the truth or any reality. Defendant has no credibility at all; this is a company that perpetrates fraud on their clients and so manages barely to survive.

56. Therefore it is obvious that the attempt to collect the $60 was a mere attempt to defraud me because I owe them nothing. This is a company as all the cell phone industry that for sixty dollars they will lie and discredit themselves, imagine what they may do to disprove my case of 280 calls made to me and an additional five calls made by their collection agency. They threatened me that these calls will never stop until the sixty dollars is paid and there are many people who pay them for the bogus claim to get them off their back.

57. Therefore these violation of the law as explained amount also to negligence/or gross negligence because the Defendant had a duty not to make auto-dialing, they violated their duty and caused damages and thus liable in negligence, and because they did so intentionally to collect a bogus debt they are liable for gross negligence.

58. Therefore the first affirmative defense as if the complaint fails to state a cause of action is untrue and must be stricken[13]. The second affirmative defense as if the case is subject to mandatory arbitration is baseless because as a pre-paid customer I have no such

---

[13] If its true that the complaint has no cause of action why to transfer it to the federal court and alleged diversity jurisdiction based on same causes and by hiding the federal statute? Because Defendant is engaged in puffery and all the want is prepare a pack of papers for payment of the client.

agreement, and had defendant been able to show a valid agreement to arbitrate, it would have been waived because it was not presented first in the state court, and besides the alleged arbitration agreement by defendant have been declared unenforceable as discussed before (Pages 2-4). Therefore the second affirmative defense must be stricken

59. The third affirmative defense as if the complaint is barred by the doctrine of "Waiver, estoppels, and unclean hands" is just puffery; these are no defenses to negligence, fraud and violation of a federal statute and therefore this third and last affirmative defense must be stricken and a judgment by default against Defendant entered absent a defense to the case.

## DEFENDANT'S MOTION

60. Because at the initial conference I denied that I signed any agreement to arbitrate, the attorney for the party opponent, Mr. Rubinstein, was instructed by the judge to mail to me the signed agreement. On March 31.2010 Mr. Rubinstein mailed to me a "Service agreement" but it was not signed by anyone and certainly not by me.

61. Therefore, I called up Mr. Rubinstein and requested from him not to proceed with the motion to compel arbitration absent a signed agreement to arbitrate, I explained to him that he needs at least a signed agreement because otherwise he will be unable to prevail to prove a "valid agreement" and it will be obvious as a violation of rule 11 but he disregarded my advice and proceeded to squander time because the option to proceed for an evidentiary hearing is not in their cards,it may conclude quickly without milking the cash cow(Client/Defendant).

14

62. Indeed the story repeats itself. Defendants knew or should have known that a contract to arbitrate must be signed by both parties and absent a signature of one party there is no agreement. But the attorneys seek to milk their client and have to prepare papers (Frivolous papers) and they are ready to take the risk of sanctions under rule 11 for the milk of the cash cow.

63. The so called "Service agreement" as it indicates is a contract for the period of service, once the service is discontinued, the service agreement and all it clauses including the arbitration goes with it.

64. This case against Defendant has nothing to do with the period of service or any service provided, it has to do only with illegal actions by Defendant[14] after the service was complete and discontinued by attempting to defraud plaintiff to pay what he does not owe and acting in gross negligence in violation of a federal statute that could not been anticipated at the start of the process and therefore may not be subject to arbitration.

65. Had I signed such invalid agreement I would have taken the advantage to object to the clause of arbitration within 30 days and so this invalid paper would have remained useless for purposes of arbitration too.

66. Because Plaintiff request to proceed in this case as class action, this dispute may not be resolved in arbitration and thus impractical.

67. To overcome the fact that there is no agreement in writing between the parties Defendant's attorneys adopted the practice of fraud by their client and claim "Moore agreed to arbitrate the claim" (Page 7 In Defendant's memo of law, hereafter:"Memo of fraud"),"The contract is not unconscionable or substantially unconscionable (Page 13-15

---

[14] Defendant has no right to make these bogus calls whether I have a debt or not because auto-dialing is disallowed by the federal law.

of the memo of fraud). "Unambiguous terms of parties' agreement"(Page 7 of the memo of fraud),"Courts have routinely enforced arbitration agreements in T- Mobile"(Memo fraud 2),and the list goes on and on because they expect a payment from the client and thus they bother me and the court to read these frivolous papers.

68. The tactics to repeat again and again lies until somebody might think that they are true was invented by another expert of fraud in the Second World War and Defendant intentionally or unintentionally does the same.

69. None of the exhibits of Defendant contains a signature of Plaintiff and therefore they should have given up of the bogus attempt to go on, based on nothing, but not these guys who are paid for the memo of fraud hundred dollars per hour when the entire evidentiary hearing is expected to be complete in one hour.

70. All the precedents cited by Defendant are irrelevant to the case absent a valid signed agreement to arbitrate, but this will not stop Defendant's attorneys that need to milk the cow. All the claims of waiver no waiver, enforceable or non enforceable court jurisdiction to enforce arbitration or not etc is based on nothing and are just puffery to make a buck on the fraudulent Defendant.

## CONCLUSION

71. The request to arbitrate is a ploy to squander time and make money, and should be dismissed with proper sanctions under rule 11 against Defendant, their attorneys and the law firm. An evidentiary hearing should be set without further delay and dispose all the issues as required by law and allow Plaintiff to proceed with this case as a class action

16

before this court or in the state court. Such case may be disposed upon appearance on the same day and therefore no further delays are justified.

72. A disposition of this case as a class action on the evidentiary hearing day may save for Defendant substantial attorney fees for handling the case and the [15]class. Thereafter, upon such approval we'll notify the class about the order of this court, give them the option to opt out and in a later date we"ll bring to the court a class-settlement for final approval of the court.

This is my name and the content of this affidavit is true and correct.

Teddy Moore

**NOTARY PUBLIC**

ALTAGRACIA PEREZ
Notary Public State of New York
No. 01PE6149910
Qualified in Queens County
COMMISSION EXPIRES 07/17/2010

Sworn to before me this day of April 16, 2010

---

[15] But this is the last concern for attorneys who are looking only to milk the cow.

EXHIBIT 1

**Teddy Moore**
33-26 Broadway #301
Elmhurst NY 11373
917-715-7317
E-mail address: tm738@yahoo.com

March 25, 2010

To: Mr. Jason C.Rubinstein, Esq.
    Friedman Kaplan Seiler & Adelman LLP          **NOTICE UNDER RULE  11**
    1633 Broadway
    New York, NY 10019-6708

**RE:** Teddy Moore V. T.-Mobile USA Inc
    <u>Case:10 CV 00527 (SLT)(CLP)(E.D.N.Y)</u>

Dear Mr. Rubinstein,

This is a notice under rule 11 of Federal Rules of Civil Procedures as follows:

I would like to bring to your attention that the motion that you intend to file in court to compel arbitration by 4/14/10, is done for an improper purpose of delay, increase the cost of the litigation, this is a contention unwarranted by any existing law or non-frivolous argument to change an existing law and you have no factual basis to make in good faith such motion as follows:

1.  A motion to compel arbitration is raised immediately upon first appearance in court otherwise it is considered waived. You have appeared in the state court and have not raised this issue and thus waived the claim

2.  Thereafter, in you answer to the state court you raised affirmative defenses and requested to dismiss the case with prejudice which was'a request that impliedly accepting the

1

jurisdiction of the court in this matter and thus contradictory to your claim now of arbitration.

3. You filed a request to transfer the case to the federal court but still have not raised any issues of arbitration at that time, and your current request is a new invention.

4. When you requested to transfer the case to the federal court you knew or should have known that in such situation the case will land promptly in an evidentiary hearing without any rights of any discovery which is in conflict with a prompt evidentiary hearing and certainly any motion or any other process that do not go for eventiary hearing is a violation of the law.

5. When you demanded to transfer the case to the federal court you knew or should have known that adjudication of cases in violation of TCPA are in the exclusive territory of state courts.

6. Furthermore you knew or should have known that your claims in the state court as if the court lacks jurisdiction or as if the complaint does not state a cause of action is frivolous.

7. You knew or should have known that I have no contract with defendant and therefore I am not bound by any arbitration and I have not signed any document to transfer any dispute to arbitration.

8. You knew or should have know that had I signed an agreement with defendant with a provision of arbitration(Which I did not) it would have not covered disputes about violation of the law when I am not a customer of defendant  or when the issue in dispute is in the exclusive territory of state courts.

9. You knew or should have known that I corresponded with Defendant and requested compensation for the illegal calls. Defendant had not denied the amount of calls that I

2

made, and have not requested to bring the dispute to arbitration which is also an indication of waiver of such adjudication.

10. Therefore you are *estoppeld* to raise now this non-issue and if you move forward with your motion, I will have no choice but to move for sanctions to protect my due process rights. This letter was served under rule 5 of FRCP

Respectfully,

Teddy Moore

EXHIBIT  2

# Civil Court of the City of New York

**County of Queens**

Index Number: **CV-004972-10/QU**

TEDDY MOORE
Plaintiff(s)

-against-

T-MOBILE USA INC A DELAWARE CORPORATION
Defendant(s)

**SUMMONS WITH ENDORSED
COMPLAINT**

BASIS OF VENUE: Plaintiff's residence

Plaintiff's Address (s) :
TEDDY MOORE
83-26 BROADWAY #301
Elmhurst, NY 11373-

To the named defendant (s)

T-MOBILE USA INC A DELAWARE CORPORATION (Deft), at c/o LEGAL DEPARTMENT, 12920 SE 38TH STREET, Bellevue, WA 98006-1350

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Queens at the office of the Clerk of the said Court at **89-17 Sutphin Boulevard** in the **County of Queens, City and State of New York,** within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk; upon your failure to answer, judgment will be taken against you for the total sum of $420,000.00 and interest as detailed below. Plaintiff's work sheet may be attached for additional information if deemed necessary by the clerk.

Date:January 12, 2010

**Jack Baer**
Chief Clerk, Civil Court

## ENDORSED COMPLAINT

The nature and the substance of the plaintiff's cause of action is as follows:  280 harassing phone calls @ $1500 per call for total of **$420,000.00 with interest from 09/02/2009. Harassing phone calls to collect a bogus debt of  $60. Gross negligence, negligence and fraud.**

### *NOTE TO THE DEFENDANT*

*A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or*
*B) If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*
*C) Following CPLR 321(a) corporations must be represented by an attorney.*

### * NOTE TO THE SERVER OF THE SUMMONS

The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR. Section 130-1.1a)*

SIGN NAME: _____
PRINT NAME:   TEDDY MOORE

EXHIBIT  3

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------x
                                                    :
TEDDY MOORE,                                        :
                                                    :
                              Plaintiff,            :     Index No. CV-004972-10/QU
                                                    :
              - against -                           :     **ANSWER**
                                                    :
T-MOBILE USA, INC.,                                 :
                                                    :
                              Defendant.            :
                                                    :
---------------------------------------------------------------------x

        Defendant T-Mobile USA, Inc. ("T-Mobile"), by its undersigned attorneys, for its answer to the Complaint:

        1.      Denies the allegations of the Complaint.

        2.      States that the allegations concerning (a) gross negligence, negligence, and fraud and (b) plaintiff's purported entitlement to "$1,500 per call for [a] total of $420,000 with interest from 09/02/2009" state conclusions of law to which no response is required.

### First Defense

        3.      The Complaint fails to state a claim upon which relief can be granted as against T-Mobile.

### Second Defense

        4.      This Court lacks jurisdiction over this litigation because plaintiff's demand exceeds this Court's jurisdictional limit of $25,000 under section 202 of the New York City Civil Court Act.

        **WHEREFORE,** T-Mobile requests that judgment be entered:

828859.1

    (a)      Dismissing the Complaint in its entirety as against T-Mobile, with prejudice;

    (b)      Awarding T-Mobile the costs and disbursements of this action; and

    (c)      Awarding T-Mobile such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       February 3, 2010

                 FRIEDMAN KAPLAN SEILER &
                 ADELMAN LLP


                 Daniel B. Rapport
                 Jason C. Rubinstein
                 1633 Broadway
                 New York, NY 10019-6708
                 (212) 833-1100

                 *Attorneys for Defendant T-Mobile USA, Inc.*

828859.1

EXHIBIT  4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TEDDY MOORE                                          :

                 Plaintiff,                            :          10 CV 00527 (SLT) (CLP)

                                   :

      - against -                                   :          **AMENDED ANSWER**

                                   :

T-MOBILE USA, INC.                                   :

              Defendant.                           :

---------------------------------------------------------------x

         Defendant T-Mobile USA, Inc. ("T-Mobile"), by its undersigned

attorneys, for its Amended Answer to the Complaint:

        1.        Denies the allegations of the Complaint.

        2.        States that the allegations concerning (a) gross negligence,

negligence, and fraud and (b) plaintiff's purported entitlement to "$1,500 per call for [a]

total of $420,000 with interest from 09/02/2009" state conclusions of law to which no

response is required.

### First Affirmative Defense

        3.        The Complaint fails to state a claim upon which relief can be

granted as against T-Mobile.

### Second Affirmative Defense

        4.        The claims asserted in the Complaint are subject to mandatory

arbitration in accordance with plaintiff's contract with T-Mobile.

### Third Affirmative Defense

        5.        Plaintiff's claims are barred by the doctrines of waiver, estoppel,

and unclean hands.

865724.2

WHEREFORE, T-Mobile requests that judgment be entered:

(a)    Dismissing the Complaint in its entirety as against T-Mobile, with prejudice;

(b)    Awarding T-Mobile the costs and disbursements of this action; and

(c)    Awarding T-Mobile such other and further relief as the Court deems just and proper.

Dated:   New York, New York
        March 31, 2010

                FRIEDMAN KAPLAN SEILER &
                ADELMAN LLP

                Daniel B. Rapport (drapport@fklaw.com)
                Jason C. Rubinstein (jrubinstein@fklaw.com)
                1633 Broadway
                New York, NY 10019-6708
                (212) 833-1100

                *Attorneys for Defendant T-Mobile USA, Inc.*

865724.2

2

EXHIBIT  5



P.O. Box 37380, Albuquerque, NM 87176

December 11, 2009

**VIA U.S. MAIL**

Teddy Moore
8326 Broadway # 301
Elmhurst NY 11373-5734

**Re: T-Mobile Account Number: 653822143**

Dear Mr. Moore:

This letter is to confirm that T-Mobile USA, Inc. has received your recent correspondence regarding your request for payment in the amount of $135,000 for collection calls that you have received regarding the final balance due on your account.

After careful review of your account, we have found that you canceled your services on August 31, 2009. Please be advised that T-Mobile bills in arrears. This means that all bills received are for service provided the month prior. The last payment received on July 30, 2009 for $49.97 was for services rendered from June 25, 2009 through July 24, 2009. Your balance as of the date of this letter is $62.28 which includes charges of $49.95 for services rendered from July 25, 2009 through August 24, 2009 and prorated, or partial, charges of $12.33 for services rendered from August 25, 2009 through August 31, 2009, when the account was canceled. It is T-Mobile's position that all charges on your account are accurate and will not be adjusted.

To date, we have never received any cease and desist correspondences from you regarding your request to stop collection calls for the final balance due on your account. Pursuant to T-Mobile's Terms and Conditions of Service, Section 12, you agree to pay your bill on or before the due date each and every month. T-Mobile is within its rights to collect all amounts that you owe and is able to use a collection agency to collect payment; as such, we will not be sending a payment to you in the amount of $135,000 for any collection calls that have been received regarding final balance due. Please be advised, your account is scheduled to be written off as of December 21, 2009 for non-payment and will be forwarded to an outside collection agency if payment is not received by December 21, 2009. If you are in need of financial assistance, we urge you to contact our Financial Care department at 800-937-8997 to discuss your options with possible payment arrangements.

If you have any further questions, please feel free to contact us at the address listed above. Our Customer Care department is also available to assist you from 3am-10pm PST at 800-937-8997.

Sincerely,

**T-MOBILE USA, INC.**

Josephine Loingsigh
Customer Relations

# **Teddy Moore**
83-26 Broadway #301
Elmhurst NY 11373
917-715-7317
E-mail address: tm738@yahoo.com

---

April 16, 2010

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ APR 2 0 2010 ★

BROOKLYN OFFICE

To: Judge Sandra L. Townes
    U.S Federal Court for EDNY
    225 Cadman Plaza East
    Brooklyn NY   11201

**RE:** Teddy Moore V. T.-Mobile USA Inc
    Case:10 CV 00527 (SLT)(CLP)(E.D.N.Y)

Dear Judge Townes,

Attached please find my affirmation in opposition to the motion to compel arbitration in this

matter and a request to set an evidentiary hearing.

Thank you,

Teddy Moore

CC:  Mr. Jason C. Rubinstein, Esq.

    Pro Se Clerk