UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TEDDY MOORE,

                Plaintiff,

   - against -                                  10 CV 00527 (SLT) (CLP)

T-MOBILE USA, INC.,

                Defendant.
------------------------------------------------------------------x

## DEFENDANT T-MOBILE USA, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

Daniel B. Rapport (drapport@fklaw.com)
Jason C. Rubinstein (jrubinstein@fklaw.com)
FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
1633 Broadway, 46th Floor
New York, New York 10019-6708
Telephone: (212) 833-1100
Fax: (212) 833-1250

*Attorneys for Defendant*
*T-Mobile USA, Inc.*

May 5, 2010

877885.2

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................1

I. MOORE IDENTIFIES NO BASIS FOR DENYING T-MOBILE'S MOTION...................................................................................................................1

II. MOORE'S CLAIMS ARE NOT AMENABLE TO CLASS CERTIFICATION .................................................................................................5

III. MOORE'S CONDUCT, NOT T-MOBILE'S, WARRANTS SANCTION.........................7

IV. MOORE'S REQUESTS FOR THE ENTRY OF A DEFAULT JUDGMENT OR AN IMMEDIATE TRIAL SHOULD BE DENIED..............................9

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ari Weitzner, M.D., P.C. v. Sciton, Inc.*,
  05-CV-2533 (SLT)(MDG), 2007 U.S. Dist. LEXIS 72770
  (E.D.N.Y. Sept. 27, 2007) ..................................................................................................6

*Bonime v. Avaya, Inc.*,
  No. 06 CV 1630 (CBA), 2006 U.S. Dist. LEXIS 91964
  (E.D.N.Y. Dec. 20, 2006) ...................................................................................................6

*Chalk v. T-Mobile USA, Inc.*,
  560 F.3d 1087 (9th Cir. 2009) ............................................................................................4

*Danny's Constr. Co. v. Birdair, Inc.*,
  136 F. Supp. 2d 134 (W.D.N.Y. 2000) ...............................................................................5

*De Sapio v. Kohlmeyer*,
  35 N.Y.2d 402 (1974) .........................................................................................................5

*Gottlieb v. Carnival Corp.*,
  436 F.3d 335 (2d Cir. 2006) ...............................................................................................4

*Graham v. Perez*,
  121 F. Supp. 2d 317 (S.D.N.Y. 2000) .................................................................................7

*Hadges v. Yonkers Racing Corp.*,
  48 F.3d 1320 (2d Cir. 1995) ...............................................................................................7

*In re Pennie & Edmonds LLP*,
  323 F.3d 86 (2d Cir. 2003) .................................................................................................7

*Kahre v. United States*,
  No. CV-S-02-0375-LRH-LRL 2003, U.S. Dist. LEXIS 6948
  (D. Nev. Mar. 10, 2003) .....................................................................................................8

*Katz v. Looney*,
  733 F. Supp. 1284 (W.D. Ark. 1990) ..................................................................................8

*Klos v. Polskie Linie Lotnicze*,
  133 F.3d 164 (2d Cir. 1997) ...............................................................................................3

*Laster v. AT & T Mobility LLC*,
  584 F.3d 849 (9th Cir. 2009) ..............................................................................................4

Page(s)

*Lowden v. T-Mobile USA, Inc.*,
    512 F.3d 1213 (9th Cir. 2008) ..................................................................................4

*Moore v. Badillo*,
    No. 09 CV 00305 ........................................................................................................8

*Moore v. Raffaele*,
    No. 08 Civ. 1618 (KMW) .........................................................................................8

*Nayal v. HIP Network Servs. IPA, Inc.*,
    620 F. Supp. 2d 566 (S.D.N.Y. 2009) ......................................................................6

*Oldroyd v. Elmira Sav. Bank*,
    134 F.3d 72 (2d Cir. 1998) .......................................................................................3

*Ranieri v. Bell Atl. Mobile*,
    304 A.D.2d 353 (1st Dep't 2003) ............................................................................3

*Sherrill v. Grayco Builders, Inc.*,
    64 N.Y.2d 261 (1985) ..............................................................................................5

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    498 F.3d 976, 978 (9th Cir. 2007) ...........................................................................4

*Singer v. Jefferies & Co.*,
    78 N.Y.2d 76 (1991) ................................................................................................5

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
    310 F.3d 102 (2d Cir. 2002) ....................................................................................4

*Tsadilas v. Providian Nat'l Bank*,
    13 A.D.3d 190 (1st Dep't 2004) ..........................................................................3, 6

**STATUTES AND RULES**

CPLR 901(b) ........................................................................................................................6

FED. R. CIV. P. 8(b)(3) .........................................................................................................9

FED. R. CIV. P. 11(b) ............................................................................................................7

FED. R. CIV. P. 11(c)(3) .......................................................................................................7

FED. R. CIV. P. 23 .................................................................................................................6

FED. R. CIV. P. 23(a)(4) .......................................................................................................7

**Page(s)**

Local Rule 6.1 ...................................................................................................................5

28 U.S.C. § 1446(c)(5) ......................................................................................................9

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully submits this reply memorandum of law in further support of its motion to compel the arbitration of plaintiff Teddy Moore's ("Moore") claims, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

## PRELIMINARY STATEMENT

In its opening papers, T-Mobile established that (i) by activating and using T-Mobile service, Moore entered into an arbitration agreement with T-Mobile, (ii) Moore's claims fall within the scope of that agreement, (iii) the agreement is enforceable under New York law, (iv) T-Mobile has not waived its right to compel arbitration, and (v) this Court has jurisdiction to compel arbitration. Moore fails to offer a coherent response to any of these points. Instead he cites inapposite case law while ignoring controlling authority, moves for relief to which he is not entitled, and hurls invective against T-Mobile and its attorneys, recommending that sanctions be imposed against both. Simply put, Moore has not identified a single reason why an order compelling the arbitration of his claims would be inappropriate. Accordingly, T-Mobile's motion to compel arbitration should be granted.

## ARGUMENT

### I.

### MOORE IDENTIFIES NO BASIS FOR DENYING T-MOBILE'S MOTION

T-Mobile demonstrated in its opening papers that Moore agreed to the arbitration provisions of T-Mobile's Terms and Conditions and Service Agreement by virtue of activating and using T-Mobile service,[1] and that these arbitration provisions encompass Moore's claims

---

[1] *See* Defendant T-Mobile USA, Inc.'s Memorandum of Law in Support of its Motion to Compel Arbitration, Apr. 14, 2010 ("Def. Mem."), at 9-12. Terms defined in T-Mobile's opening papers carry the same meaning herein.

877885.2

(Def Mem. 9) and are enforceable as a matter of New York law. (*Id.* 12-18.) T-Mobile further demonstrated that this Court has jurisdiction to compel the arbitration of Moore's claims, and that T-Mobile has not waived its right to compel arbitration. (*Id.* 19-21.) Moore's arguments to the contrary are conclusory, lack any legal support, and should be rejected.

*First*, Moore's claim that he never signed an arbitration agreement with T-Mobile and that, therefore, there is no valid arbitration agreement between the parties (Affirmation in Opposition, filed Apr. 20, 2010 ("Pl. Aff."), ¶ 20) is wrong on both the law and the facts. Moore's undisputed activation and use of T-Mobile service manifested his assent to the Terms and Conditions and Service Agreement, and was sufficient to establish a binding and enforceable contract, even if Moore never signed any agreement with T-Mobile.[2] (Def. Mem. 10-12.) There is also abundant evidence, contradicted only by Moore's bare denials, that Moore did, in fact, sign the Service Agreement when he purchased his T-Mobile handset. (*Id.* 9 n.5.)

*Second*, there is no support for Moore's contentions that his claims fall outside the scope of his arbitration agreement because (i) that agreement expired when he terminated his T-Mobile service, or (ii) his claims have "nothing to do with . . . any service provided." (Pl. Aff. ¶¶ 63-64.) The arbitration agreement mandates arbitration of "ANY AND ALL CLAIMS OR DISPUTES . . . IN ANY WAY RELATED TO OR CONCERNING . . . ANY BILLING DISPUTES . . . ." (T&C ¶ 2.) Whether articulated as claims for fraud, negligence, or violation

---

[2] Tellingly, Moore does not dispute that the box containing his handset was sealed by a sticker advising him that the box contained "T-Mobile Terms & Conditions," and that, by using T-Mobile service, he agreed "to be bound by the Terms & Conditions, including the mandatory arbitration . . . provision[]." (Baca Decl. ¶ 3.) Nor does Moore dispute that he had to break this seal to open the box and begin using his phone, or that the box included a copy of the Terms and Conditions. (*Id.* ¶ 4.)

of the TCPA, Moore's claims obviously relate to a billing dispute with T-Mobile – a point Moore underscores by his assertion that T-Mobile is "attempting to defraud plaintiff to pay what he does not owe."[3] (Pl. Aff. ¶ 64.) The Terms and Conditions and Service Agreement also require that *all* disputes relating to billing be resolved through arbitration. They place no expiration date on this obligation.

*Third*, New York law flatly contradicts Moore's contention that the arbitration agreement is an "adhesion" contract (*id.* ¶ 21), and thus unenforceable. "A court will find adhesion only when the party seeking to rescind the contract establishes that the other party used 'high pressure tactics,' or 'deceptive language,' or that the contract is unconscionable." *Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997). Moore has never alleged that T-Mobile coerced his agreement to the Terms and Conditions or Service Agreement or that those contracts are deceptive, and he would have no basis for doing so. Nor are there grounds for declaring the arbitration agreement unconscionable. New York courts routinely reject claims of procedural unconscionability with respect to form agreements that include arbitration provisions, particularly where, as here, the consumer could have chosen another service provider, or opted out of the arbitration agreement.[4] (Def. Mem. 13-15.) Likewise, Moore fails to respond to T-

---

[3] *See generally Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 77 (2d Cir. 1998) ("[T]he 'duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights.'").

[4] *See Ranieri v. Bell Atl. Mobile*, 304 A.D.2d 353, 354 (1st Dep't 2003) (deeming arbitration provision conscionable absent evidence that consumer "could not have chosen another service provider"); *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190, 191 (1st Dep't 2004) ("The arbitration provision alone is not unconscionable because plaintiff had the opportunity to opt out without any adverse consequences.").

3

Mobile's showing that the arbitration agreement is substantively conscionable as a matter of New York law.[5] (Def. Mem. 15-18.)

*Fourth*, Moore's argument that this Court lacks jurisdiction to adjudicate his claims or compel their arbitration (Pl. Aff. ¶¶ 3-9) disregards the Second Circuit's unambiguous holding that federal courts sitting in diversity are authorized to hear TCPA claims. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 343 (2d Cir. 2006) ("Congress did not intend to divest the federal courts of diversity jurisdiction over private causes of action under the TCPA.") (*see also* Def. Mem. 21).

*Finally*, in claiming that T-Mobile waived its right to compel arbitration, Moore ignores the holding in *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102 (2d Cir. 2002). In *Thyssen*, the court concluded that a failure to cite arbitration as an affirmative defense in the answer was not a waiver, and that such a waiver should not be inferred unless compelling arbitration would prejudice the party opposing arbitration. *Id.* at 105-06. Moore cannot show

---

[5] The cases Moore cites in support of his claim that T-Mobile's arbitration agreement is unconscionable (Pl. Aff. ¶ 21 & n.7) are readily distinguishable. *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094-98 (9th Cir. 2009), was decided under Oregon, not New York, law and held that the inclusion of a class action waiver rendered T-Mobile's arbitration agreement substantively unconscionable. *See also Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1219 (9th Cir. 2008) (same holding under Washington law); *Shroyer v. New Cingular Wireless Servs.*, Inc., 498 F.3d 976, 978 (9th Cir. 2007) (same holding under California law); *Laster v. AT & T Mobility LLC*, 584 F.3d 849, 852 (9th Cir. 2009) (same). Moore's claims, however, are governed by New York law, and, as a matter of New York law, Moore cannot prosecute his claims as part of a class action. In addition, New York courts have repeatedly held that class action waivers are enforceable. (*See infra* Part II.)

that he would be prejudiced by an arbitration referral. His waiver argument therefore should be rejected. (Def. Mem. 19-20.)[6]

## II.

## MOORE'S CLAIMS ARE NOT AMENABLE TO CLASS CERTIFICATION

In his opposition papers, Moore seeks this Court's permission "to amend the complaint to a class action and [to] proceed as [a] class action." (Pl. Aff. ¶ 1.) Moore's request should be rejected.[7] To begin with, in agreeing to be bound by T-Mobile's Terms and Conditions (*see supra* Part I; Def. Mem. 9-12), Moore agreed to waive any rights he might have to pursue a class action against T-Mobile:

> **CLASS ACTION WAIVER. WE EACH AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS, WHETHER IN ARBITRATION OR COURT, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS OR REPRESENTATIVE ACTION OR AS A MEMBER IN A CLASS, CONSOLIDATED OR REPRESENTATIVE ACTION.**

---

[6] Moore bases his assertion that T-Mobile waived its right to compel arbitration (Pl. Aff. ¶ 10) on inapposite cases applying state law. Whether a party has waived its right to compel arbitration under the FAA is a matter of federal law. *See Singer v. Jefferies & Co.*, 78 N.Y.2d 76, 84 (1991) ("Plaintiff urges that the waiver issue is governed by State law because the Federal Arbitration Act creates only substantive rights and this is a procedural question. . . . Federal law is controlling."); *Danny's Constr. Co. v. Birdair, Inc.*, 136 F. Supp. 2d 134, 142 (W.D.N.Y. 2000) (same). Moore has no basis under federal law to claim that T-Mobile has waived its right to compel arbitration. (*See supra* 4-5; Def. Mem. 19-20.) In any event, the cases on which Moore relies are factually distinguishable from this four-month-old case, in which there has been no motion practice (apart from this motion), and in which the parties agreed that the exchange of written discovery requests could not be cited in opposing an arbitration referral. *Cf. Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 272 (1985) (finding waiver as a result of defendant's "aggressive participation in litigation involving the same claims"); *De Sapio v. Kohlmeyer*, 35 N.Y.2d 402, 405-06 (1974) (finding waiver where defendant deposed plaintiff and asserted a cross claim demanding apportionment of any liability).

[7] As a threshold matter, Moore's request, unaccompanied by a notice of motion, should be disregarded as procedurally defective pursuant to Local Rule 6.1.

5

877885.2

(T&C ¶ 2 (emphasis original).)[8] New York courts routinely enforce such waivers.[9]

Further, CPLR 901(b) precludes Moore from prosecuting his claims as part of a class. As the court observed in *Bonime v. Avaya, Inc.*, No. 06 CV 1630 (CBA), 2006 U.S. Dist. LEXIS 91964 (E.D.N.Y. Dec. 20, 2006), "New York limits the invocation of class actions for the recovery of statutory damages to those statutes which specifically allow for class actions. . . . Because the TCPA does not specifically authorize recovery of statutory damages in a class action, New York state courts have held that class actions may not be maintained for statutory damages for alleged violations of the TCPA." *Id.* at *5-6 (citing CPLR 901(b)). Recognizing that a court sitting in diversity must apply substantive state law, the *Bonime* court concluded that CPLR 901(b) is substantive and that it operated to bar federal courts in New York, where their jurisdiction was premised on 28 U.S.C. § 1332, from entertaining class actions alleging TCPA violations. *See id.* at *13-15.[10] Accordingly, this Court should reject any effort by Moore to obtain class certification.[11]

---

[8] In the Service Agreement, Moore also acknowledged that his agreement with T-Mobile "REQUIRES WAIVER OF THE RIGHT OF ANY ABILITY TO PARTICIPATE IN A CLASS ACTION . . . ." (Service Agreement at 2.)

[9] *See Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009) ("Courts applying New York law . . . have uniformly held that class action waivers are not unconscionable."); *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190, 191 (1st Dep't 2004) ("The arbitration provision is enforceable even though it waives plaintiff's right to bring a class action.").

[10] *See also Ari Weitzner, M.D., P.C. v. Sciton, Inc.*, 05-CV-2533 (SLT)(MDG), 2007 U.S. Dist. LEXIS 72770, at *3 (E.D.N.Y. Sept. 27, 2007) (Townes, J.) (ruling that the application of CPLR 901(b) "bars plaintiff from maintaining a TCPA class action in this Court just as it does in New York courts").

[11] Moore's application for class certification also fails to satisfy key requirements of FED. R. CIV. P. 23. *Inter alia*, Moore's proposal that he serve as a class representative (Pl. Aff. ¶ 32) is inconsistent with the requirement that the "representative parties will fairly and adequately

## III.

## MOORE'S CONDUCT, NOT T-MOBILE'S, WARRANTS SANCTION

Based on his erroneous assertions that he never entered into an arbitration agreement with T-Mobile, that T-Mobile waived its right to compel arbitration, and that this Court lacks jurisdiction either to adjudicate his TCPA claims or compel their arbitration, Moore invites this Court to impose *sua sponte* sanctions on T-Mobile and its attorneys pursuant to FED. R. CIV. P. 11(c)(3). (Pl. Aff. ¶¶ 1, 61-71, & Ex. 1.) Moore identifies no basis for the Court to impose such sanctions, and none exists. T-Mobile's motion to compel arbitration cannot validly be described as intended to harass, cause unnecessary delay, or needlessly increase the costs of litigation. Additionally, T-Mobile's submissions are well supported by existing law and by the evidence in the record. *See* FED. R. CIV. P. 11(b). The imposition of sanctions by this Court therefore would be wholly unjustified.[12]

There are ample grounds, however, for sanctioning Moore, whose papers are rife with abusive, personal attacks against both T-Mobile and its attorneys, including accusations that T-Mobile routinely "practices collection by fraud," engages in extortion, and "perpetrates fraud

---

protect the interest of the class." FED. R. CIV. P. 23(a)(4). As a *pro se* plaintiff with a history of commencing frivolous litigations (*infra* Part III & n.13), Moore is unsuited to act as a class representative. *See Graham v. Perez*, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) ("'[I]t is well settled in this circuit that pro se plaintiffs cannot act as class representatives.'").

[12] *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328-29 (2d Cir. 1995) ("The advisory committee note on the 1993 amendment specifically states that [*sua sponte* Rule 11] sanctions 'will ordinarily be [imposed] only in situations that are akin to a contempt of court.'"); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003) ("[W]hen applying [*sua sponte*] sanctions under Rule 11 . . . a bad faith standard should apply.").

7

877885.2

on [its] clients."[13] (Pl. Aff. ¶ 36, 55, & n.11.) Moreover, Moore accuses T-Mobile's counsel of making misrepresentations to this Court in what he has styled T-Mobile's "[m]emo of fraud" (*id.* ¶ 67) and of defrauding T-Mobile. (*Id.* ¶ 62 ("[T]he attorneys seek to milk their client . . . .").) Moore also likens T-Mobile's counsel to Nazis. (*Id.* ¶ 68 ("The tactics to repeat . . . lies until somebody might think they are true was invented by another expert of fraud in the Second World War . . . .").) Moore's *ad hominem* attacks are unjustified, do not advance the conduct of this litigation, and are deserving of sanction. *See, e.g., Kahre v. United States*, No. CV-S-02-0375-LRH-LRL 2003, U.S. Dist. LEXIS 6948, at *17 (D. Nev. Mar. 10, 2003) (ruling that *pro se* plaintiff's "decision to include unsubstantiated, vituperative statements with regard to the character and professional ethics of [defense counsel] plainly constitutes a violation of Rule 11").[14]

---

[13] Moore has a clear pattern of filing frivolous actions and motions. *See, e.g., Moore v. Badillo*, No. 09 CV 00305, at 8-9 (S.D.N.Y. Jan. 12, 2009) (attached as Appendix A) ("[P]laintiff recently has filed numerous repetitive and frivolous actions in this Court as well as the Eastern District Court . . . . [P]laintiff is hereby cautioned that the further filing of repetitive and frivolous complaints or motions may result in an order barring him from filing further actions or motions in this Court without prior permission."); *Moore v. Raffaele*, No. 08 Civ. 1618 (KMW), at 3-4 (S.D.N.Y. Oct. 22, 2008) (attached as Appendix B) (same and forbidding Moore from filing any additional papers directed to the District Court under the docket number of the case).

[14] *See also Katz v. Looney*, 733 F. Supp. 1284, 1288 (W.D. Ark. 1990) ("There is . . . no legitimate basis for the scandalous, impertinent and libelous statements made by plaintiff against one of the defendants . . . . The conduct of the plaintiff would be bad enough if he was an . . . uneducated person 'off the street', but . . . he is trained as a lawyer, albeit a disbarred one . . . . This case 'cries out' for Rule 11 sanctions . . . .").

8

IV.

## MOORE'S REQUESTS FOR THE ENTRY OF A DEFAULT JUDGMENT OR AN IMMEDIATE TRIAL SHOULD BE DENIED

Moore contends that T-Mobile's Amended Answer "contain[s] general denials only" and that, therefore, a default judgment should therefore be entered in his favor. (Pl. Aff. ¶ 45.) His contention is frivolous. In addition to denying the allegations of Moore's three-sentence Complaint, which it is entitled to do under FED. R. CIV. P. 8(b)(3), T-Mobile asserts three affirmative defense. Although Moore may disagree with the merits of these defenses, he has no grounds to claim that T-Mobile has defaulted.

Further, in the event that it denies T-Mobile's motion to compel arbitration, the Court should reject Moore's claims that he is entitled to an immediate trial on the merits, and that T-Mobile has no right to conduct discovery. (Pl. Aff. ¶ 13.) The provision on which Moore relies in making this assertion, 28 U.S.C. § 1446(c)(5), relates to the removal of criminal prosecutions, not civil litigations premised on diversity jurisdiction. If this litigation proceeds in this Court, T-Mobile respectfully requests that it be permitted a full opportunity to complete discovery.[15]

---

[15] Moore's claim that there is a May 12, 2010 cut-off for all discovery (Pl. Aff. 1 n.2 & ¶ 41) is incorrect. The Court ordered that answers to all written discovery requests are due on May 12, 2010, but set no deadline for the completion of depositions or nonparty discovery. (Initial Conference Order, Rubinstein Decl., Ex. 12; Tr. 18:1-19:18.)

9

877885.2

## **CONCLUSION**

For all of the foregoing reasons, T-Mobile's motion to compel arbitration should be granted, and Moore's requests that this Court enter a default judgment, remand this case to state court, order an immediate trial in this action, and certify a class action should be denied.

Dated:   New York, New York
         May 5, 2010

                          Respectfully submitted,

                          FRIEDMAN KAPLAN SEILER &
                              ADELMAN LLP

                          */s/ Jason C. Rubinstein*
                          Daniel B. Rapport (drapport@fklaw.com)
                          Jason C. Rubinstein (jrubinstein@fklaw.com)
                          1633 Broadway, 46th Floor
                          New York, New York  10019-6708
                          Telephone:  (212) 833-1100
                          Fax: (212) 833-1250

                          *Attorneys for Defendant T-Mobile USA, Inc.*

877885.2