# Appendix A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

TEDDY MOORE,

        Plaintiff,

-against-

MR. GILBERT BADILLO;
MR. ROBERT WONG;
NYC CIVIL COURT;
MR. EDMOND J. FONG;
WONG & FONG P.C.,

        Defendants.
------------------------------------------------------X

09 CV 00305

ORDER OF DISMISSAL



Plaintiff brings this *pro se* action under 42 U.S.C. § 1983 and § 1985 alleging that defendants conspired to violate his constitutional rights during his proceedings in New York state court in Queens County. The Court grants plaintiff's request to proceed *in forma pauperis* and dismisses the action for the reasons set forth below.

Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over plaintiff's claims. The Supreme Court held in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983), that a United States District Court has no authority to review final judgments of state courts, except for constitutional challenges and reviews pursuant to an application for a writ of *habeas corpus*.[1] Plaintiff seeks, in essence, to overturn decisions against him from his litigation in New York state housing court in Queens County. Under the Rooker-Feldman doctrine, this Court lacks jurisdiction to grant plaintiff the review and the relief

---

[1] The United States Supreme Court is the only Court that may review a state court's judicial decisions. See 28 U.S.C. § 1257(a).

he seeks, particularly in light of his having already vigorously argued his claims in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine applies specifically "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Campbell v. Greisberger, 80 F.3d 703, 706-07 (2d Cir. 1996) ("review of a judicial decision of the state court ... may be had only in the Supreme Court") (citing Feldman, 460 U.S. at 486)); Brooks-Jones v. Hones, 916 F. Supp. 280, 281-82 (S.D.N.Y 1996) ("a plaintiff also may not seek reversal of a state court judgment simply by casting [his] complaint in the form of a civil rights action"). Thus, mindful of the Court's duty to construe *pro se* actions liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), the Court has analyzed plaintiff's submission and finds that he fails to allege any basis for this Court to have subject matter jurisdiction over his claim. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (court has independent duty to examine the basis for jurisdiction).

To the extent plaintiff seeks to have this Court intervene in his state court proceedings that may still be pending, this Court lacks subject matter jurisdiction over that request as well. In Younger v. Harris, the Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate. See Younger v. Harris, 401 U.S. 37, 54 (1971). The Supreme Court has extended the principles of Younger to civil cases where "important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432, (1982). Therefore, "unless state law clearly bars the interposition of the constitutional [or

2

federal] claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Id. at 432, 435 (internal quotation marks and citation omitted). In short, Younger requires a federal court to decline jurisdiction over a claim to enjoin pending state proceedings so long as important state interests are involved and the plaintiff has the opportunity to litigate the federal issues in the state action. See Christ the King Regional High Sch. v. Culvert, 815 F.2d 219, 224 (2d Cir. 1987). As the state has an important interest in handling housing matters, and plaintiff has not established the absence of a means for the state court to review constitutional claims, the Court abstains from enjoining any such proceedings. The complaint therefore must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Conspiracy

Even if the Court had subject matter jurisdiction over the complaint, plaintiff's claims under 42 U.S.C. § 1985 that defendants conspired to violate his constitutional rights, would have to be dismissed. To state a claim under § 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United

---

[2] To the extent plaintiff's claim arises out of a landlord-tenant dispute, it cannot arise under a federal statute or the Constitution of the United States, which is another reason this Court does not have subject matter jurisdiction over this claim. See, e.g., Glen 6 Associates v. Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991) ("Landlord/tenant disputes concerning failure to pay rent . . . do not implicate, in any way, federal rights."); Herben v. New York City Housing Authority, 94 Civ. 2914 (JSM), 1994 WL 285514, at *1 (S.D.N.Y. June 29, 1994) (no subject matter jurisdiction for claim against New York City Housing Authority); see also Anderson v. Bowen, 881 F.2d 1, 5 n.10 (2d Cir. 1989) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

States. Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2d Cir. 1988) (quotation omitted). Furthermore, the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Palmieri v. Lynch, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" a conspiracy claim under § 1985. Hernandez v. Goord, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004). Claims under § 1985 must be alleged "with at least some degree of particularity" and must allege that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." Id.

Here, plaintiff's claims that defendants conspired to deny him his constitutional rights in his court proceedings are conclusory and therefore must be dismissed. Plaintiff fails to allege an agreement or factual details concerning the inception or operation of the claimed conspiracy. Moreover, he fails to allege any racial or class-based animus behind any of defendants' alleged wrongdoing. In sum, plaintiff's allegations simply do not constitute a conspiracy claim under Sections 1983 or 1985. His conspiracy claims therefore must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

4

Immunity

Despite plaintiff's allegations otherwise, defendant Badillo, who is a New York State judge, is indeed immune from suit. Thus, even if this Court had subject matter jurisdiction over the complaint, the claims against defendant Badillo would have to be dismissed. Judges and their clerks have absolute immunity from suit for judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (citation omitted); Oliva v. Heller, 839 F.2d 37, 38 (2d Cir. 1988) (judicial immunity extends to law clerks). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). The proper avenue to challenge a judicial determination is on direct appeal, not be seeking a declaration from another court that the presiding judge's prior decision violated the litigant's constitutional rights. See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 488-94 (E.D.N.Y. 1998). Plaintiff does not allege that the alleged wrongdoing of defendant Badillo occurred outside his judicial capacity. Badillo is therefore immune from suit, and plaintiff's claims against him must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

State Action

Even if the complaint could proceed, plaintiff's § 1983 claims against defendants Wong, Fong, and Wong & Fong P.C. law firm would have to be dismissed because plaintiff does not allege that they acted under color of state law. A claim for relief under § 1983 must also allege facts showing that the defendants acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties therefore are not generally liable. See Rendell-Baker

5

v. Kohn, 457 U.S. 830, 838-42 (1982). As defendants Wong and Fong, and their law firm are private parties who do not work for any state or other government body, plaintiff's § 1983 claims against them must be dismissed as well. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Improper Defendants

Even if the complaint could proceed, plaintiff's § 1983 and § 1985 claims could not proceed against defendants NYC Civil Court and the law firm Wong & Fong P.C. A § 1983 action may be maintained only against a "person" who has deprived another of rights under the Constitution. See 42 U.S.C. § 1983. Organizations, courts, corporations and law firms are not "persons" within the meaning of § 1983. See generally Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); Zuckerman v. Appellate Div., Second Dep't Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); Whitley v. Westchester County Corr. Facility Admin., No. 97 Civ. 420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, plaintiff's § 1983 and § 1985 claims against all defendants NYC Civil Court and Wong & Fong P.C., both of which are not individuals, must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

RICO

To the extent plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., his claims must also be dismissed. Here, plaintiff fails to allege in other than conclusory terms that defendants were engaged in a pattern or conspiracy of wrongful conduct directed against him or that their conduct proximately caused any injury to him. See First Interregional Advisors Corp. v. Wolff, 956 F. Supp. 480, 485 (S.D.N.Y.

6

Feb.21, 1997) (dismissing RICO claim because plaintiff did not properly allege mail or wire fraud against defendants named under RICO claim and stating that "while [plaintiff] does allege that the RICO enterprise was carried on by all defendants, general conclusory allegations such as this are insufficient under Rule 9(b) [of the Federal Rules of Civil Procedure"); Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001) (RICO "limit[s] standing to those plaintiffs who allege that RICO violation was the legal, or proximate, cause of their injury, as well as a logcal, or 'but for,' cause"). Plaintiff's RICO claims therefore must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Improper Venue

Finally, even if plaintiff's claims could proceed, the United States District Court for the Southern District of New York would not be the appropriate court in which to file this action. The venue provision for a § 1983 or § 1985 action is found at 28 U.S.C. § 1391(b), which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff alleges that defendants Wong, NYC Civil Court, Fong, and Wong & Fong P.C. "are residing or doing business in NYC and therefore the Complaint was brought properly in the southern district of New York." Complaint at 2. Even if these defendants were proper, plaintiff does not specify in which county they are located. However, he does allege that the lead defendant is located in Queens County, and he makes clear that the facts underlying this action arose in Queens County, which is located in the Eastern District of New York. See 28 U.S.C. § 112(c) ("The Eastern District

7

comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . .") (emphasis added). In such circumstances the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(b). In light of this Court's lack of subject matter jurisdiction over plaintiff's claims, as well as the complaint's other deficiencies, the action must be dismissed. See id.; Fed. R. Civ. P. 12(b)(3).

Litigation History

The Court takes notice that plaintiff is an attorney who has been disbarred from the practice of law before the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, Appellate Division, Second Department. See In re Teddy I. Moore Esq., No. 00-MC-00177 (ERK) (E.D.N.Y. Oct. 8, 2002) (docket entry number 11, "NOTICE by the Supreme Court of the State of New York Appellate Division: Second Judicial Department. Ordered that the respondent Teddy Israel Moore is disbarred and his name is stricken from the roll of attorneys and counselors-at-law."). Although he proceeds *pro se* here, he is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. See Kuriakose v. City of Mount Vernon, 41 F. Supp. 2d 460, 465 (S.D.N.Y. 1999) ("[Plaintiff] is an attorney who was at one time admitted to practice in New York state. The usual *pro se* rules therefore do not apply to him.").

Despite his background as an attorney, plaintiff recently has filed numerous repetitive and frivolous actions in this Court as well as the Eastern District Court, nearly all of which have been dismissed for reasons identical or similar to those in this order. See Moore v. Raffaele, No. 08 Civ. 1618 (KMW) (S.D.N.Y. Feb. 19, 2008) (dismissed for lack of subject matter jurisdiction, judicial immunity, failure to state a claim and improper venue), appeal dismissed, No. 08-1177 (2d Cir. Aug. 6, 2008); Moore v. Korman, No. 08 Civ. 3011 (AKH) (S.D.N.Y. Apr. 7, 2008) (dismissed for failure

8

to state a claim, judicial immunity and lack of standing), appeal dismissed, No. 08-2394 (2d Cir. Aug. 14, 2008); Moore v. City of New York, No. 08 Civ. 2449 (NG) (LB) (E.D.N.Y. Aug. 12, 2008) (dismissing claims against all but one defendant on grounds of judicial immunity, prosecutorial immunity and failure to state a claim).[3] Plaintiff has been informed from prior judicial decisions dismissing repeated actions, including some actions against identical parties, that federal courts do not have subject matter jurisdiction over claims challenging state court decisions, that judges cannot be sued for judicial acts, that non-persons and non-state-actors cannot be sued under § 1983, and that conclusory allegations of conspiracy not involving class- or race-based animus cannot be the basis for claims under § 1985. Nevertheless, plaintiff continues to file frivolous actions that result in dismissals on these grounds.

Accordingly, plaintiff is hereby cautioned that the further filing of repetitive and frivolous complaints may result in an order barring him from filing further actions in this Court without prior permission.

Conclusion

The complaint, filed *in forma pauperis*, is hereby dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, for asserting claims against parties immune from suit, and for improper venue. See Fed. R. Civ. P. 12(b)(1), (3) and 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff is hereby cautioned that the further filing of repetitive and frivolous complaints may result in an order barring him from filing further actions in this Court without prior permission. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

---

[3] Plaintiff has also been sanctioned by the United States Court of Appeals for the Second Circuit. See Moore v. Time, Inc., No. 98 Civ. 3886 (ERK) (E.D.N.Y.), aff'd, Nos. 98-9535, 98-9537 (2d Cir. July 12, 1999).

from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

_____
HAROLD BAER, JR.
United States District Judge

Dated:   JAN 1 2 2009
        New York, New York

10