# Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

TEDDY MOORE,

          Plaintiff,

    -against-

THOMAS D. RAFFAELE;
MS. MAUREEN A. HEALY;
NYC CIVIL COURT;
MR. WILLIAM F. McCARTIN
SANKEL, SKURMAN & McCARTIN,

          Defendants.
————————————————————X

**ORDER**

08 Civ. 1618 (KMW)

On August 16, 2007, plaintiff brought this *pro se* action under 42 U.S.C. § 1983 and § 1985 alleging that defendants conspired to violate his constitutional rights during his proceedings in New York state court in Queens County. On February 19, 2008, the Court dismissed the complaint for lack of subject matter jurisdiction, failure to state a claim, naming as defendants individuals immune from suit, naming otherwise improper defendants and improper venue. On April 25, 2008, the United States Court of Appeals for the Second Circuit dismissed plaintiff's appeal of this Court's February 19, 2008 order, stating that the appeal lacked an arguable basis in law or fact. See Moore v. Raffaele, No. 08-1177-cv (2d Cir. Apr. 25, 2008) (issued as mandate on August 6, 2008).

On October 15, 2008, plaintiff filed a motion for reconsideration, challenging the Court's February 19, 2008 order. He alleges that the order he "appealed in state court was procured by corruption and thus was overturned by the appellate term on 7/12/08 and [he] therefore do[es] not seek to review something which was already reviewed and decided in [his] favor." Motion at ¶ 2. Rather, plaintiff alleges that this case is

> intended to punish criminals that some of them operate under color of black robes for their personal gain and not to make justice. This is a fight for the soul of the judiciary and not against the judiciary. By flushing out the bad apples we protect the judiciary and any attempt to cover up corruption by judges and giving them asylum among the judiciary operates against the judiciary and against the people and against justice.

Id. at ¶ 4. Plaintiff requests permission to file an amended complaint, and he alleges that he was granted permission to do so "in a similar proceeding in the Eastern District of New York, against judicial officers including the corrupt judge Raffaele, which is a defendant here too." Id. at ¶ 5.

Plaintiff's motion and request to amend are DENIED. Plaintiff alleges no facts, sets forth no law, and does not attach a proposed amended complaint to his motion that would justify setting aside the February 19, 2008 order dismissing the complaint. The fact that plaintiff's adverse state court decision was allegedly reversed by the state appellate court does not change this Court's application of the Rooker-Feldman doctrine to this action. Nor does plaintiff allege any other facts or set forth any law that changes this Court's conclusion that this Court lacked subject matter jurisdiction over this action, that plaintiff failed to state a claim, that he named as defendants persons immune from suit and parties who were otherwise improper, and that this district was the improper venue for his action.

Litigation History

The Court takes notice that plaintiff is an attorney who has been disbarred from the practice of law before the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, Appellate Division, Second Department. See In re Teddy I. Moore Esq., No. 00-MC-00177 (ERK) (E.D.N.Y. Oct. 8, 2002) (docket entry number 11, "NOTICE by the Supreme Court of the State of New York Appellate Division: Second Judicial Department. Ordered

2

that the respondent Teddy Israel Moore is disbarred and his name is stricken from the roll of attorneys and counselors-at-law."). Although he proceeds *pro se* here, he is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. See Kuriakose v. City of Mount Vernon, 41 F. Supp. 2d 460, 465 (S.D.N.Y. 1999) ("[Plaintiff] is an attorney who was at one time admitted to practice in New York state. The usual *pro se* rules therefore do not apply to him.").

Despite his background as an attorney, plaintiff recently has filed numerous repetitive and frivolous actions in this Court as well as the Eastern District Court, nearly all of which have been dismissed for reasons identical or similar to those in this order. See Moore v. Korman, No. 08 Civ. 3011 (AKH) (S.D.N.Y. Apr. 7, 2008) (dismissed for failure to state a claim, judicial immunity and lack of standing), appeal dismissed, No. 08-2394 (2d Cir. Aug. 14, 2008); Moore v. City of New York, No. 08 Civ. 2449 (NG) (LB) (E.D.N.Y. Aug. 12, 2008) (dismissing claims against all but one defendant on grounds of judicial immunity, prosecutorial immunity and failure to state a claim).[1] Plaintiff has also been sanctioned by the United States Court of Appeals for the Second Circuit. See Moore v. Time, Inc., No. 98 Civ. 3886 (ERK) (E.D.N.Y.), aff'd, Nos. 98-9535, 98-9537 (2d Cir. July 12, 1999).

---

[1] Plaintiff incorrectly alleges in this motion that the Eastern District granted him leave to amend his complaint in order to allege claims against two judges, including defendant Raffaele, as well as the Queens District Attorney, an Assistant District Attorney, and the City of New York. In fact, the Eastern District Court dismissed plaintiff's § 1985 action in its entirety and dismissed his § 1983 action against the defendants for failure to state a claim and on the ground of immunity. The Court then ordered that those defendants' names be stricken from the caption of plaintiff's action there. The Eastern District Court did not grant plaintiff leave to assert any claims against those defendants, but rather allowed plaintiff to file an amended complaint against one police officer defendant in order to allege a false arrest claim. Nevertheless, plaintiff filed an amended complaint against all of the above defendants, despite the Court's order not to do so, and as of this date that pleading is undergoing judicial review. See Moore v. City of New York, No. 08 Civ. 2449 (NG) (LB) (E.D.N.Y. Aug. 12, 2008).

Plaintiff has been informed from prior judicial decisions dismissing repeated actions, including some actions against identical parties, that federal courts do not have subject matter jurisdiction over claims challenging state court decisions, that judges cannot be sued for judicial acts, that non-persons and non-state-actors cannot be sued under § 1983, and that conclusory allegations of conspiracy not involving class- or race-based animus cannot be the basis for claims under § 1985. Nevertheless, plaintiff continues to file frivolous actions that result in dismissals on these grounds.

Accordingly, plaintiff is hereby cautioned that the further filing of repetitive and frivolous complaints or motions may result in an order barring him from filing further actions or motions in this Court without prior permission.

Conclusion

Accordingly, the motion for reconsideration of the dismissal order and request to file an amended complaint are DENIED, and the complaint, filed *in forma pauperis*, remains dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, for asserting claims against parties immune from suit, and for improper venue. See Fed. R. Civ. P. 12(b)(1), (3) and 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff is hereby cautioned that the further filing of repetitive and frivolous complaints or motions may result in an order barring him from filing further actions or motions in this Court without prior permission. Moreover, plaintiff is hereby ordered that he may not file any further papers under the docket number of this case, except for papers directed to the Court of Appeals for the Second Circuit. Any papers plaintiff attempts to file, other than those directed to the Court of Appeals, will be returned to him. The Clerk of Court is directed not to accept any additional papers under this docket number, except for papers directed to the Court of Appeals. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Kimba M. Wood
KIMBA M. WOOD
Chief Judge

Dated: OCT 2 2 2008
New York, New York

5