UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
TEDDY MOORE,

          Plaintiff,

**REPORT AND RECOMMENDATION**

-against-

10 CV 527 (SLT)

T-MOBILE USA INC.,

          Defendant.
------------------------------------------------X

Plaintiff Teddy Moore, appearing pro se, brought this action against defendant T-Mobile USA, Inc. ("T-Mobile") in state court on January 12, 2010, seeking a total of $420,000 in damages pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). The case was removed to federal court on February 5, 2010, and on April 14, 2010, T-Mobile moved, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., seeking to compel arbitration of all of Moore's claims.

In a motion filed June 14, 2010, plaintiff seeks to have counsel for defendant held in contempt based on an allegation that defendant's moving papers contained lies and misrepresentations, and that defendant coerced an employee into testifying untruthfully.[1] On June 21, the motion for contempt was referred to the undersigned.

## DISCUSSION

---

[1] Although plaintiff's introduction to the "Petition for Contempt of Court" (the "Petition") asks the Court for an order holding defendant's counsel in contempt, throughout the Petition, plaintiff makes reference to misconduct by both counsel for defendant and defendant T-Mobile itself. Accordingly, the Court treats the Petition as if it was directed toward both counsel and the client.

A court is empowered to punish "by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [m]isbehavior of any of its officers in their official transactions." 18 U.S.C. § 401. The court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)); see also Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979); United States v. D-M Sales Corp., 903 F. Supp. 431, 433 (E.D.N.Y. 1995).

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

In an affidavit filed with his Petition for Contempt, plaintiff requests that the Court "hold the accused ... in contempt of court by imposing upon them imprisonment or fines or both for lies and misrepresentation to the court." (Pet.[2] ¶ 1). Specifically, plaintiff claims that attorneys for defendant T-Mobile "alleged before this court by misrepresenting a [sic] coerced testimony of an employee" that plaintiff had received a handset box from T-Mobile and broke the seal on the box to reach his phone. (Id. ¶ 3). Plaintiff provides no documentary evidence to support his allegations of perjury and misconduct by counsel for defendant.

In response, defendant reviews plaintiff's long history of unsupported personal attacks against adversaries and judges, noting that "Moore was disbarred by this Court, the U.S. Supreme Court, the U.S. District Court for the Southern District of New York, and the Supreme Court of the State of New York, Second Department, precisely for such behavior." (Rubinstein Decl.[3] ¶ 9 (citing In re Moore, 177 F. Supp. 2d 197, 199 (S.D.N.Y. 2001); In re Disbarment of Moore, 529 U.S. 1127 (2007); In re Moore, 299 A.D.2d 38 (2d Dep't 2002)). Defendant argues that "[g]iven [Moore's] history and the exaggerated character of his accusations, Moore's petition should be accorded no weight, and it should be denied in its entirety." (Rubinstein Decl. ¶ 12). Furthermore, defendant requests that this Court enter monetary sanctions against plaintiff "for his pattern of making abusive personal attacks against both T-Mobile and its attorneys." (Id. ¶ 13).

Petitions for civil contempt are not the proper vehicle to resolve allegations of perjury or

---

[2]Citations to "Pet." refer to plaintiff's Petition for Contempt of Court, filed on June 14, 2010.

[3]Citations to "Rubinstein Decl." refer to the Declaration of Jason C. Rubinstein, filed on June 17, 2010.

3

misrepresentations to the Court. See, e.g., United States v. Arredondo, 349 F.3d 310, 318 (3d Cir. 2003) (holding that "false testimony alone, whether written or oral, will not amount to contempt of court"). For a party to be held in contempt, "the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party or witness in contempt violated." Jones v. Lincoln Elec. Co., 188 F.3d 709, 738 (7th Cir. 1999) (internal citations omitted). "As broad as the power of civil contempt may be, it does not include the power to punish for the crime of perjury . . . ." Sigety v. Abrams, 632 F.2d 969, 976 (2d Cir. 1980).

In this case, plaintiff's Petition seeks to hold defendant and its counsel in contempt not for any violation of a court order; instead, the Petition is based solely on plaintiff's allegations of perjury and misrepresentation. As such, given that an order of contempt is not an appropriate sanction under the law for perjury, the Court respectfully recommends that the Petition be denied. However, even if an order of contempt were an appropriate remedy for the type of misconduct alleged here, the Court would still be constrained to recommend denial of the Petition because plaintiff has failed to provide anything beyond bare unsupported assertions of fraud and misrepresentation.

Accordingly, the Court respectfully recommends that plaintiff's Petition for Contempt be denied.

With respect to defendant's request for monetary sanctions to be imposed upon plaintiff for the filing of this motion and the pattern of "abusive personal attacks against both T-Mobile and its attorneys," the Court respectfully recommends that this motion also be denied at this time. Plaintiff, however, should be cautioned that if he continues to file unsupported motions attacking

4

the integrity of counsel, without evidence, the Court will entertain a request for sanctions.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to mail copies of this Report and Recommendation to the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
November 15, 2010

Cheryl L. Pollak
United States Magistrate Judge