FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 15 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TEDDY MOORE,

                    Plaintiff,

     -against-

T-MOBILE USA., INC.,

                    Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-527 (SLT) (CLP)

**TOWNES, United States District Judge:**

Pursuant to referral orders issued by this Court on June 10 and June 21, 2010, Magistrate Judge Cheryl L. Pollak ("Judge Pollak") has issued two reports and recommendations in this action, in which *pro se* plaintiff, Teddy Moore ("Moore"), seeks to recover $420,000 from defendant T-Mobile USA, Inc. ("T-Mobile"), for 280 alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"). First, in a report and recommendation dated November 8, 2010 (the "First R&R"), Judge Pollak recommends denying T-Mobile's motion to compel arbitration but recommends holding "an immediate trial" to determine whether Moore entered into an agreement with T-Mobile, which requires mandatory arbitration of all disputes between the parties. First R&R at 11. Second, in a report and recommendation dated November 15, 2010 (the "Second R&R"), Judge Pollak recommends denying both Moore's motion to hold T-Mobile and its counsel in contempt, and T-Mobile's cross-motion, seeking to impose monetary sanctions on Moore. Second R&R at 5.

In a letter dated November 19, 2010, Moore objects to portions of the R&Rs, listing five "erroneous recommendation[s]" and noting that six requests imbedded in his opposition to T-

1

Mobile's motion to compel arbitration were not addressed by Judge Pollak. For the reasons set forth below, this Court addresses de novo, but denies, Moore's six requests. In addition, this Court finds that Moore's objections are largely without merit and without explanation and adopts Judge Pollak's recommendations.

## I.  Background

Moore commenced this action on January 12, 2010, by filing a "Summons with Endorsed Complaint" in the Civil Court of New York, Queens County. The Endorsed Complaint consisted of three sentences:

> The nature and the substance of the plaintiff's cause of action is as follows: 280 harassing phone calls @ $1,500 per call for total of $420,000.00 with interest from 09/02/2009. Harassing phone calls to collect a bogus debt of $60. Gross negligence, negligence and fraud.

On February 3, 2010, T-Mobile filed a two-paragraph answer, the first paragraph of which "denie[d] the allegations in the Complaint." The second paragraph states "that the allegations concerning (a) gross negligence, negligence and fraud and (b) plaintiff's purported entitlement to '$1,500 per call for [a] total of $420,0000 with interest from 09/02/2009' state conclusions of law to which no response is required." The answer also asserted two affirmative defenses, alleging that the complaint failed to state a claim upon which relief could be granted, and that the Civil Court lacked jurisdiction over the case because Moore's demand exceeded the court's jurisdictional limit of $25,000.

On February 5, 2010, T-Mobile removed the case to federal court pursuant to 28 U.S.C. § 1332. On February 19, 2010, Judge Pollak scheduled an in-person initial conference. However, Moore, alleging that 28 U.S.C. § 1446(c)(5) mandated a prompt evidentiary hearing, requested that the conference be cancelled, that the Court hold an immediate evidentiary hearing, and that this Court

dispose [of] the matter in the same day." Letter to Cheryl L. Pollak, Magistrate Judge, from Teddy Moore, dated Feb. 23, 2010.

Judge Pollak implicitly rejected Moore's request and held the conference, at which T-Mobile requested and was granted permission to amend its answer and move to compel arbitration. Transcript of Mar. 24, 2010, conference ("Conference Tr.") at 11-13. At that conference, Moore indicated that he did not need discovery, saying, "We have no discovery because the issue is very simple . . . ." Conference Tr. at 17.

One week after the conference, on March 31, 2010, T-Mobile filed an amended answer, which differed from the original answer only in that it replaced the second affirmative defense, alleging that the Civil Court lacked jurisdiction, with two new affirmative defenses. The first of these alleged, "The claims asserted in the complaint are subject to mandatory arbitration in accordance with [Moore's] contract with T-Mobile."

On April 14, 2010, T-Mobile moved to compel arbitration, arguing that Moore was contractually obligated to arbitrate the claims in the instant action. T-Mobile alleged that "Moore's contract with T-Mobile" contained a broad arbitration provision in which the parties agreed that "any and all claims or disputes . . . in any way related to or concerning the agreement, [T-Mobile's] services, devices or products, including any billing disputes, will be resolved by binding arbitration, rather than in court." T-Mobile's Mem. of Law in Supp. of its Mot. to Compel Arbitration ("T-Mobile's Mem.") at 1 (block letters omitted). T-Mobile conceded that it could not locate "a signed copy of Moore's contract," but claimed to have "an electronic version of the contract." *Id.* at 2.

In opposition, Moore primarily argued that the arbitration clause was unenforceable "absent a valid signed agreement to arbitrate . . . ." Moore Affirmation in Opp'n ("Moore Affirmation") at 16. Moore's opposition papers did not contain a notice of cross-motion but began:

> This is my affirmation in opposition to the motion to compel arbitration and a request to dismiss the motion and hold [T-Mobile], their attorneys and the law firm in violation of [R]ule 11 by court's own initiation under [R]ule 11(c)(3), and sanction them in accordance with the law, and/or set **an immediate evidentiary hearing** and/or remand the case to the state court for an immediate evidentiary hearing and allow to amend the complaint to a class action and proceed as class action in either court.

Moore Affirmation at 1 (emphasis in original).

On June 14, 2010, Moore moved to hold T-Mobile's counsel in contempt, alleging that T-Mobile's motion papers contained misrepresentations and perjured statements, and accusing counsel of coercing T-Mobile's employees into testifying untruthfully. In a declaration in opposition to this motion, one of T-Mobile's attorneys alleged that Moore's allegations were unfounded, asserted that Moore had a history of making similar baseless allegations against counsel and other members of the bar, and requested "that the Court enter monetary sanctions against Moore for his pattern of making abusive personal attacks against both T-Mobile and its attorneys." Decl. of Jason C. Rubenstein in Opp'n to Moore's Pet. to Hold Counsel in Contempt at ¶13. Both T-Mobile's motion to compel arbitration and Moore's motion to hold counsel in contempt were referred to Judge Pollak.

On November 8, 2010, Judge Pollak issued the First R&R, recommending that the motion to compel arbitration be denied and that the case go to trial to determine whether Moore entered into a contract with T-Mobile and assented to the arbitration clause. Judge Pollak further recommended that discovery in advance of that trial be limited to the issue of whether Moore and T-Mobile entered into a contract. However, Judge Pollak also recommended that, since Moore "ha[d] represented to this

Court that he will not need to undertake discovery, any discovery would be limited to discovery sought by [T-Mobile]." First R&R at 10.

On November 15, 2010, Judge Pollak issued the Second R&R, recommending that Moore's petition for contempt be denied. Judge Pollak wrote that contempt is appropriate when a court order has been disobeyed, not when a party commits perjury or other like offenses. Judge Pollak stated that, even if contempt was the proper remedy, she "would still be constrained to recommend denial of the Petition because [Moore] . . . failed to provide anything beyond bare unsupported assertions of fraud and misrepresentation." Second R&R at 4. In the same R&R, Judge Pollak recommended that T-Mobile's cross-motion to impose monetary sanctions against Moore be denied, yet recommended that this Court caution Moore against filing "unsupported motions attacking the integrity of counsel." Second R&R at 5.

In a three-page letter dated November 19, 2010, Moore makes five specific objections to various portions of these R&Rs. In addition, Moore alleges that Judge Pollak altogether failed to address six requests which were contained in Moore's Affirmation. T-Mobile has not filed objections to either R&R, and has not responded to Moore's November 19 letter.

## II. Discussion

With respect to Moore's five objections, this Court applies the standard of review set forth in 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3) of the Federal Rules of Civil Procedure. Under both of these provisions, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 363(b)(1)(C).

5

"The Judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In this case, Moore makes five specific objections to Judge Pollak's R&Rs. First, Moore contends that Judge Pollak erred in recommending that the case proceed to trial to determine whether he and T-Mobile entered into a contract. Moore asserts that the sole issue in the case is whether T-Mobile violated the TCPA, which Moore insists has absolutely nothing to do with "a contract which is irrelevant." Letter to Judge Sandra L. Townes from Teddy Moore, dated Nov. 19, 2010, ("Objections") at ¶7.

Moore's argument assumes that the arbitration clause is not so broad as to cover TCPA actions. However, the arbitration clause to which Moore allegedly agreed provides that "any and all claims or disputes between you and us in any way related to or concerning the agreement, our services, devices or products, including any billing disputes, will be resolved by binding arbitration, rather than in court" (block letters omitted). Since this language appears broad enough to encompass even this TCPA action, Judge Pollak was correct in recommending that this Court decide whether a contract existed between the parties. If Moore wishes to argue that the arbitration clause does not encompass this action, that argument, too, would have to be litigated before this Court. *See Dedon GmbH v. Janus et Cie*, No. 10-Civ-4331, 2011 WL 31868, at *3-4 (2d Cir. Jan. 6, 2011) (stating that "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor . . . its enforceability or applicability to the dispute is in issue.") (citations omitted).

Moore's second objection relates to that portion of the First R&R in which Judge Pollak stated that "[s]ince [Moore] has represented to this Court that he will not need to undertake discovery, any

discovery would be limited to discovery sought by [T-Mobile]." First R&R at 10. Moore contends that "[t]he recommendation for limited discovery for [T-Mobile] is discriminatory and does not comply with due process." However, Judge Pollak recommended that discovery be limited solely to T-Mobile because Moore represented to the court that he did not need discovery. See Conference Tr. at 17.

Moore's objection implies that he has now changed his mind. Since Moore's papers indicate that he did not previously recognize the need to litigate the question of whether a contract existed between the parties, this Court will not hold the *pro se* plaintiff to his prior representations. Consequently, though this Court finds no merit to Moore's assertion that Judge Pollak discriminated against him or denied him due process, this Court will grant Moore permission to engage in limited pre-trial discovery concerning the issue of whether Moore entered into a contract with T-Mobile.

In his third objection, Moore argues that Judge Pollak's recommendation that this Court deny Moore's contempt motion somehow "contradict[s] the recommendation not to grant [T-Mobile's] motion for arbitration." Objections at ¶10. Moore characterizes the First R&R as recommending that this Court "not . . . grant the frivolous motion to compel arbitration," and states that Judge Pollak issued this recommendation "because in essence [T-Mobile] claimed baseless claims and were unable to support their claims by documents." *Id.* Moore implies that baseless claims alone could serve as a basis for finding T-Mobile in contempt.

This objection is without merit for two reasons. First, Judge Pollak did not find T-Mobile's motion to compel arbitration to be frivolous but, instead, recommends an immediate trial to determine whether Moore entered into a contract with T-Mobile and assented to the arbitration clause. Second, even if T-Mobile's motion to compel arbitration were frivolous, this fact would not justify a finding

7

of contempt. As noted by Judge Pollak, contempt is proper only when a decree of the court has been disobeyed, *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (3d Cir. 1999), not when a baseless claim is filed with the court.

Moore's fourth objection is similar to his third objection in that it, too, reflects a misapprehension of the basis for Judge Pollak's R&Rs. Moore claims, "The recommendation not to hold [T-Mobile] and their attorneys in contempt because allegedly [Moore] has not presented documentary evidence that he claimed does not exist, makes no sense and therefore the oral presentation in court was just a mere misrepresentation and fraud." Objections at ¶9. This, however, is not the principal ground Judge Pollak relied upon in recommending that Moore's motion for contempt be denied. As noted above, Judge Pollak held that contempt is appropriate when a court order has been disregarded and is inappropriate for allegations of perjury, misrepresentation, and coercion. Second R&R at 4. Judge Pollak then stated, "[E]ven if an order of contempt were an appropriate remedy for the type of misconduct alleged here, the Court would still be constrained to recommend denial of the Petition because [Moore] has failed to provide anything beyond bare unsupported assertions of fraud and misrepresentation." Second R&R at 4. Moore merely asserts that T-Mobile and its counsel are liars and coerced employees into lying. Moore, however, has not offered a scintilla of evidence to substantiate this assertion.

Finally, Moore objects to the recommendation in the Second R&R that he be cautioned from filing additional unsupported motions attacking T-Mobile's counsel. Moore states, "The recommendation to caution me from further unsupported motions is baseless, because I was disbarred for telling the truth and therefore it must support my claims which are truthful in this case too." Objections at ¶11. To the extent that Moore is arguing that the Court must credit his assertions

because he "was disbarred for telling the truth," Moore's logic is flawed. Even assuming, *arguendo*, that Moore was disbarred for telling the truth, his truthfulness on one occasion would not mandate the conclusion that he is telling the truth in this case or support his assertion of wrongdoing on the part of T-Mobile or its counsel.

Moore's remaining arguments fault Judge Pollak for failing to issue recommendations on six requests contained in Moore's opposition to T-Mobile's motion to compel arbitration. Specifically, Moore faults Judge Pollak for failing to address his requests (1) "to amend the complaint to allow him to proceed in this case as [a] class action"; (2) "to hold [T-Mobile] and their attorneys sanctionable under [R]ule 11"; (3) to enter a default judgment against T-Mobile; (4) for "an immediate evidentiary hearing under 28 U.S.C. § 1446(c)(5)"; (5) "to hold [T-Mobile] and their attorney in contempt for failure to comply with an order of discovery"; and (6) "to sanction [T-Mobile] and their attorneys for filing a motion after all the issues in the case were fully submitted." Objections at 1-2.

While Judge Pollak did not address these requests in her R&Rs, her failure to do so is understandable. At least one of the requests was imbedded in Moore's affirmation in opposition, and none was the subject of a formal cross-motion. However, most were contained in the first sentence of Moore's opposition to the motion to compel arbitration, which stated:

> This is my affirmation in opposition to the motion to compel arbitration and a request to dismiss the motion and hold [T-Mobile], their attorneys and the law firm in violation of [R]ule 11 by court's own initiation under [R]ule 11(c)(3), and sanction them in accordance with the law, and/or set **an immediate evidentiary hearing** and/or remand the case to the state court for an immediate evidentiary hearing and allow to amend the complaint to a class action and proceed as class action in either court.

Moore Affirmation at 1 (emphasis in original).

While the right to self-representation "does not exempt a party from compliance with relevant rules of procedural and substantive law," that right "should not be impaired by harsh application of technical rules." *Traguth v. Zuck*, 790 F.2d 90, 95 (2d Cir. 1983). Although Moore did not make a formal cross-motion, it is at least arguable that Moore intended his opposition papers to incorporate a cross-motion. Accordingly, this Court will consider de novo the six requests addressed herein.

Moore's first request – "to amend the complaint to allow him to proceed in this case as a class action," Objections at ¶1 – must be denied. While this Court recognizes its obligation to "freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), it is "well established that leave to amend a complaint need not be granted where amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). In this case, Moore cannot convert this case into a class action because he is proceeding *pro se*, and a *pro se* litigant cannot represent anyone other than himself or herself. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

In his second request, Moore seeks to have T-Mobile and its counsel sanctioned under Rule 11(c)(3) on the ground that T-Mobile's motion to compel arbitration is meritless. Moore Affirmation at 1-2. However, as discussed above, Judge Pollak did not rule that T-Mobile's motion was baseless, recommending instead an immediate trial. Accordingly, there is no basis for imposing sanctions against T-Mobile and its attorneys for filing the motion to compel arbitration.

Third, Moore requests that T-Mobile's amended answer be stricken because it contained only a general denial, and that, consequently, a default judgment should be entered in his favor. Moore Affirmation at 10. However, T-Mobile's answer was entirely appropriate under the circumstances. Moore's Endorsed Complaint consisted of only three sentences: "The nature and the substance of the plaintiff's cause of action is as follows: 280 harassing phone calls @ $1,500 per call for total of

$420,000.00 with interest from 09/02/2009. Harassing phone calls to collect a bogus debt of $60. Gross negligence, negligence and fraud." Given the brevity of Moore's Endorsed Complaint, T-Mobile's answer – denying the allegations in the complaint and notifying that much of the complaint consisted of conclusions to which no response was requested – was entirely appropriate.

In his fourth request, Moore asserts that he is "entitled to an immediate evidentiary hearing" under 28 U.S.C. § 1446(c)(5). Objections at ¶4. 28 U.S.C. § 1446(c) sets forth the procedures to be followed upon removal of a criminal prosecution. Section 28 U.S.C. § 1446(c)(5) provides:

> If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

Therefore, since this is a civil case, 28 U.S.C. § 1446(c)(5) is not applicable.

In his fifth request, Moore seeks to "hold [T-Mobile] and its attorney in contempt for failure to comply with an order of discovery." Objections at ¶5. However, Moore does not cite to an "order of discovery," and this Court finds nothing on the docket sheet to suggest that any such order was ever entered. Indeed, Moore previously represented that no discovery was needed. Conference Tr. at 17. Absent a discovery order, this Court cannot hold T-Mobile or its attorneys in contempt for the same reasons set forth by Judge Pollak in the First R&R.

Lastly, Moore requests that this Court "sanction" T-Mobile and their attorneys for filing a motion after all the issues in the case were fully submitted. Moore's request is factually baseless. T-Mobile was given permission by Judge Pollak at the initial conference to file its motion to compel arbitration. Conference Tr. at 10, 12-14.

**Conclusion**

For the foregoing reasons, Moore's requests are denied and Moore's objections are without merit. Accordingly, this Court adopts Judge Pollak's reports and recommendations dated November 8 and 15, 2010, except that the Court grants Moore permission to engage in limited pre-trial discovery regarding the issue of whether Moore entered into a contract with T-Mobile.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Court

Dated: February 11, 2011
Brooklyn, New York