## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1131

WRITER'S DIRECT FAX
(212) 373-7931
E-MAIL
JRUBINSTEIN@FKLAW.COM

NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
JESSICA RICHMAN SMITH
TIMOTHY M. HAGGERTY
PHILIP A. WELLNER
AMY K. PENN
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO
KENNETH N. EBIE
KIZZY L. JARASHOW
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
CARI FAIS
SAUMYA MANOHAR

April 19, 2011

**BY ECF AND BY HAND**

The Honorable Sandra L. Townes
U.S. District Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Teddy Moore v. T-Mobile USA, Inc.*, No. 10 CV 00527 (SLT) (CLP)

Dear Judge Townes:

  We represent T-Mobile USA, Inc. ("T-Mobile") in the above-referenced matter. We write to request that the Court grant T-Mobile leave to renew its motion to stay Moore's claims and compel their arbitration pursuant to the Federal Arbitration Act. We also write to request that the Court sanction Moore for prosecuting this litigation vexatiously and in bad faith – including by (i) premising his opposition to T-Mobile's motion to compel on the misrepresentation that he had not signed an agreement to arbitrate; (ii) willfully refusing to answer most of the questions at his deposition and unilaterally terminating that deposition; (iii) repeatedly filing duplicative, frivolous motions; and (iv) making baseless, defamatory attacks on T-Mobile and its counsel.

  Last spring, T-Mobile moved to compel arbitration of Moore's claims, on the grounds that Moore had assented to both T-Mobile's standard Service Agreement ("Service Agreement") and Terms and Conditions (the "Terms and Conditions") when he activated service with T-Mobile. (*See* D.I. 13-15, 17.) Both the Service Agreement and Terms and Conditions expressly require Moore to arbitrate his claims. The Service Agreement provides, "I UNDERSTAND THAT MY AGREEMENT WITH T-MOBILE .... REQUIRES MANDATORY ARBITRATION OF DISPUTES ...." (Emphasis original). It also incorporates by reference the Terms and Conditions, which describes the parties' arbitration agreement in extensive detail. Moore opposed T-Mobile's motion

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Sandra L. Townes     - 2 -     April 19, 2011

on the grounds that he had never signed the Service Agreement or been put on notice as to the provisions of the Terms and Conditions. (*See* D.I. 16.) Based on these denials, the Honorable Cheryl L. Pollak ruled that a question of fact existed as to whether Moore had agreed to arbitrate, and that the parties should "proceed to trial on the question whether a contract existed," preceded by discovery limited to that same question. (Report and Recommendation, dated Nov. 8, 2010 ("Report and Recommendation"), at 10 (D.I. 31).) Over Moore's objection, Your Honor adopted the Report and Recommendation in a Memorandum and Order, dated February 15, 2011 (D.I. 35) (the "Order").

    T-Mobile deposed Moore last week. Under oath, Moore abandoned his past denials, and repeatedly confirmed that he had signed the Service Agreement when he activated T-Mobile service. (*See* Ex. A (Moore Dep. Tr.) at 27:23-32:19.) Moore's admission dispels any question as to whether he agreed to arbitrate, and obviates the need for a trial, or any further discovery, on that question. Given Moore's testimony, which was unavailable when T-Mobile first made its motion, we respectfully request that T-Mobile be permitted to renew its motion to compel, and that the Court stay all discovery until that renewed motion is adjudicated.[1]

    In addition, we respectfully request that, pursuant to both its inherent authority and Rule 11(c), the Court sanction Moore, including by requiring him to reimburse T-Mobile for its attorney's fees in moving to compel arbitration.[2] Moore has predicated his efforts in this litigation on a lie – *i.e.*, that he had not signed the Service Agreement. He has asserted this misrepresentation in open Court (*see* Ex. B (Tr. of March 24, 2010 proceedings) at 13:15-16 ("I have no signed contract agreement, such agreement doesn't exist.")), relied on it in opposing T-Mobile's motion to compel (*see* Affirmation of Teddy Moore, Apr. 20, 2010 (D.I. 16) ¶ 67 ("To overcome the fact that there is no agreement in writing between the parties Defendant's attorneys adopted the practice of fraud . . . .")), and cited it as a basis for holding T-Mobile and its counsel in contempt. (*See* Affirmation in Reply, June 18, 2010 (D.I. 28) ¶ 16 ("Defendants attorneys lied about the alleged contract . . . that mandates arbitration . . . ."); ¶ 21 ("I have not signed any agreement with Defendant . . . .").)

---

[1] Federal courts routinely permit the renewal of motions to compel arbitration where, as here, discovery resolves questions of fact as to the existence of an agreement to arbitrate. *See, e.g., MacSteel Int'l USA Corp. v. M/V Jag Rani*, No. 02 Civ. 7436(JGK), 2003 WL 22241785, at *5 (S.D.N.Y. Sept. 30, 2003) (allowing defendant to renew motion following discovery on whether the parties formed an enforceable arbitration agreement); *Berger v. Cantor Fitzgerald Secs.*, 967 F. Supp. 91, 92, 94 (S.D.N.Y. 1997) (granting motion to renew following discovery).

[2] *See Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) ("[A] district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons."); *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 766-72 (S.D.N.Y. 2010) (imposing sanctions against *pro se* litigant for vexatious conduct, including awarding attorney's fees against litigant and enjoining further repetitive litigation).

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Sandra L. Townes  — 3 —  April 19, 2011

      Moore's bad faith extends well beyond this critical misrepresentation. *First*, at his deposition, he refused to (i) answer legitimate questions about his education, professional background, history of interactions with T-Mobile, efforts to preserve and possible spoliation of materials responsive to T-Mobile's request for production, and theories of liability, and (ii) produce documents on which he was relying while testifying. Although Moore sometimes asserted spurious relevance objections, he more often declined to offer any basis for his refusals to answer. Indeed, he frequently objected to requests to explain his grounds for not answering, and ultimately terminated his deposition by storming out of the examination room. (*See, e.g.*, Ex. A at 14:21-17:20; 18:17-19:25; 70:21-80:21; 122:16-127:24; 130:22-132:7; 152:15-155:19; 199:6-207:14.)

      *Second*, Moore has burdened T-Mobile and the Court with ceaseless, frivolous motion practice. In addition to filing a groundless motion to enjoin AT&T Inc.'s acquisition of T-Mobile (D.I. 49, Ex. A), he has repeatedly sought reconsideration of the Report and Recommendation and Order, focusing specifically on the Court's denial of his application to proceed as a class representative. (*See* D.I. 38, 44, 50, 51.) Moore's multiple motions for reconsideration all fail to identify any matters overlooked by the Court, or adduce new facts or arguments tending to show that the Court's rulings were in error. Lacking any basis for the relief he seeks (*see* D.I. 39), Moore's harassing motion practice serves only to multiply the costs and duration of these proceedings.

      *Finally*, as we have described elsewhere (*see* D.I. 26), Moore has used this litigation as a platform for vituperation against T-Mobile and its counsel, including by accusing them of defrauding the Court, and likening them to Nazis. Moore, who has a long history of using litigation as a means of making defamatory attacks against his adversaries, opposing counsel, and judges, has continued this pattern of behavior (*see, e.g.*, D.I. 38 ¶¶ 11, 16; D.I. 50 ¶¶ 5, 20-24), despite the Court's warning that such conduct could result in sanctions. (*See* D.I. 32 at 4-5.) Moore's behavior should not be tolerated.

      Accordingly, we respectfully request that T-Mobile be permitted to renew its motion to compel arbitration, and that the Court order Moore to show cause why his conduct should not result in the imposition of sanctions, as described herein. In the alternative, if the Court denies T-Mobile's application to renew, we would respectfully request that Your Honor enter an order (i) denying Moore's motions for reconsideration and barring him from filing further motions for reconsideration of the Report and Recommendation or the Order, and (ii) compelling Moore to appear for another deposition, answer all questions posed by counsel for T-Mobile, and bear the costs of any such deposition.

      Respectfully,

Jason C. Rubinstein

Friedman Kaplan Seiler & Adelman LLP

The Honorable Sandra L. Townes      - 4 -      April 19, 2011

Attachments

cc:    Hon. Sandra L. Townes (by hand and ECF)
       Teddy Moore (by U.S. mail)