UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TEDDY MOORE,

                Plaintiff,

  -against-

T-MOBILE USA, INC.,

                Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 22 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-527 (SLT) (CLP)

**TOWNES, United States District Judge:**

On January 12, 2010, plaintiff Teddy Moore commenced this *pro se* action in the Civil Court of New York, Queens County, seeking to recover $420,000 from defendant T-Mobile USA, Inc., for 280 alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 (the "TCPA"). In motion practice following the removal of this action to this Court, plaintiff sought, *inter alia*, to amend his complaint to allow this case to proceed as a class action. Because plaintiff – a former attorney – is proceeding *pro se*, this Court denied leave to amend, stating that plaintiff could not "convert this case into a class action because . . . a *pro se* litigant cannot represent anyone other than himself or herself." *Moore v. T-Mobile USA, Inc.*, No. 10-CV-527 (SLT)(CLP), 2011 WL 609818, at *6 (E.D.N.Y. Feb. 15, 2011) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990)).

In late March or early April 2011, plaintiff heard news reports concerning the proposed merger of defendant T-Mobile and AT&T. Plaintiff promptly moved to enjoin the merger "unless and until Defendant . . . guarantee[s] the legal rights of Plaintiff in person and the rights of Plaintiff as a representative of a putative class action, that may be approved as such in this court or in the state court." *See* Notice of Motion filed April 6, 2011. In a two-page affidavit in



support of that motion, plaintiff asserted that "Defendant T-Mobile is in the process of 'disappearance' as a market participant in USA," and that "Plaintiff and his putative class . . . have a right to protect their right to be able to enforce a judgment against the disappearing Defendant by obtaining guarantees for accurate and smooth payment of a judgment that may enter. . . ." Affidavit of Teddy Moore, dated Mar. 31, 2011 ("Moore Aff."), at ¶¶ 2-3. Plaintiff noted that defendant had not responded to his requests for "proper guarantees for proper payment of a judgment," id. at ¶ 4, and requested that the merger be enjoined pending his receipt of the guarantees.

In a two-page letter dated April 14, 2011, defendant responded to this motion by noting, *inter alia*, that plaintiff has failed to "adduce any evidence tending to satisfy the traditional four-factor test for the grant of a permanent injunction," or to "identify his basis for purporting to act as a class representative, given this Court's unequivocal denial of Moore's application to proceed in a representative capacity." Letter to the Hon. Sandra L. Townes from Jason C. Rubenstein, dated Apr. 14, 2011, at 1. Defendant also asserted that plaintiff's motion "represents the latest installment in a series of frivolous motions [plaintiff] has made in this matter, and in other matters," *id.* at 2, and requested that this Court order plaintiff to show cause why sanctions should not be imposed for violating Rule 11(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

"The grant of injunctive relief is an extraordinary remedy." *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004). "[I]njunctive relief is available upon a showing by . . . plaintiffs that they are likely to prevail on the merits of their suit and that if injunctive relief is not granted, irreparable injury will result." *New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 192-193 (2d Cir. 2001) (citing *Charette v. Town of Oyster Bay*, 159 F.3d 749, 754

(2d Cir.1998)). Ordinarily, "the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Brown v. Giuliani*, 158 F.R.D. 251, 264 (E.D.N.Y. 1994)(quoting *Bell & Howell v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983)).

The law in this Circuit requires that irreparable harm be likely, not merely possible. *Weiss v. Torpey*, 987 F. Supp. 212, 216 (E.D.N.Y. 1997); *Mason Tenders Local Union 59 v. Laborers' Int'l Union of North America*, 924 F. Supp. 528, 542 (S.D.N.Y.), *aff'd*, 101 F.3d 686 (2d Cir. 1996)). In addition, "[i]rreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Brown*, 158 F.R.D. at 264 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). However, while an irreparable injury is generally "one that cannot be redressed through a monetary award," *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990), injunctive relief can be awarded "when it is shown that a money judgment will go unsatisfied absent equitable relief." *Alvenus Shipping Co. v. Delta Petroleum (U.S.A.) Ltd.*, 876 F. Supp. 482, 487 (S.D.N.Y. 1994); *see Rafferty v. Xinhua Finance Ltd.*, No. 11 Civ. 133 (CM), 2011 WL 335312, at *9 (S.D.N.Y. Jan. 31, 2011).

In this case, plaintiff has not even alleged facts, much less adduced any proof, to show that he will be unable to collect the money damages he seeks absent an injunction. Although plaintiff speculates that defendant may "disappear" as a result of the proposed merger, a merger would transfer the legal liabilities of the predecessor corporation to the successor corporation. *See New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006); *Graham v. James*, 144 F.3d 229, 240 (2d Cir. 1998). Accordingly, if defendant is merged into another entity, plaintiff will still have a cause of action against that successor entity.

3

Since plaintiff has not shown irreparable harm, his request for injunctive relief is denied. However, this Court also declines to direct plaintiff to show cause why Rule 11(b) sanctions are not warranted by the filing of this motion. Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Rule 11(c) provides for sanctions in the event Rule 11(b) is violated and Rule 11(c)(3) states that a court, on its own initiative, "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."

This Court is not convinced that plaintiff's actions rise to the level of a Rule 11(b) violation. AT&T initially characterized the proposed merger as an "acquisition" of defendant, *see* AT&T Press Release entitled, "AT&T to Acquire T-Mobile USA From Deutsche Telekom," dated Mar. 20, 2011, http://www.att.com/gen/press-room?pid=19358&cdvn=news& newsarticleid=31703&mapcode=corporate|financial, and early news reports reflected this

4

characterization. *See, e.g.*, Fox Business, "AT&T Unveils Mega Deal to Acquire Rival T-Mobile," dated Mar. 20, 2011, http://www.foxbusiness.com/2011/03/20/3-bln-t-mobile-usa-buy-att-creates-industry-leader. Under both New York state and federal law, the general rule is that a corporation that acquires the assets of another corporation is not liable for the torts of its predecessor. *Graham*, 144 F.3d at 240 (citing *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 519 (2d Cir.1996); *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244-45 (1983)). Although there is an exception to this general rule for mergers, *see* p.3, *ante*, it is entirely possible that, despite his legal education, the *pro se* plaintiff was unaware of this exception or unclear about the specifics of the newly announced transaction. Indeed, if defendant failed to offer any reassurances, as plaintiff alleges, *see* Moore Aff. at ¶ 4, defendant's actions themselves may have exacerbated the unfounded fears underlying plaintiff's motion. Accordingly, although this Court is troubled by the fact that plaintiff continues to refer to himself as "a representative of a putative class action" despite being informed that he, as a former attorney, cannot represent anyone else, this Court sees no basis for imposing Rule 11 sanctions for the filing of this motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion to enjoin the acquisition of defendant by AT&T is denied. This Court rejects defendant's suggestion that this Court direct plaintiff to show cause why Rule 11(b) sanctions are not warranted by the filing of this motion.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: April 21, 2011
Brooklyn, New York

5