

**Teddy Moore**
83-26 Broadway #301
Elmhurst NY 11373
917-715-7317
E-mail address: tm738@yahoo.com

May 12, 2011

To: Judge Sandra. L. Townes
U.S Federal Court for EDNY
225 Cadman Plaza East
Brooklyn NY 11201

RE: Teddy Moore V. T.-Mobile USA Inc
Case:10 CV 00527 (SLT)(CLP)(E.D.N.Y)

Dear Judge Townes,

I am Plaintiff in this case and it is my request to remove Mr. Rubinstein as representative of Defendant because he is unfit for the task, as detailed hereby:

1. Mr. Rubinstein acts as if he represents both parties in the case, and also acts as if he is a judge in the case, he constantly misrepresent facts to the court and refuse to comply with basic discovery duties, and forces the court to make determination on every issue.
2. Mr. Rubinstein transferred this case from the state court by "Amending" Plaintiff's complaint to include a "Diversity Jurisdiction" claim, which was not there. This issue was brought to the attention of this court before and thus I will not elaborate more on this issue.
3. When Mr. Rubinstein transferred the case to this court he declined to accept the address that I provided to the state court as my address for service of papers and he "Amended" my address to a different address which is not mine. (See the amended address attached) and only lately, I corrected the address to my regular address as appears in the caption of this letter.
4. Mr. Rubinstein "Amended", as well, my email addresses, to an unknown email and therefore I was unable to receive the ecf notices from the court. It took me four months to fix the issue with the clerk of court (See my letter in the electronic filing number 34 which speaks for itself)
5. On 4/13/11 I appeared for a deposition before Mr. Rubinstein and I found out there that he acts like an attorney and a judge by overruling my objections to some questions, as a judge, and he refused to move on to another question, and he continued to ask me the same question in different versions or irrelevant questions to the deposition and so made a mockery of the deposition.

1

6. Mr. Rubinstein requested on 4/19/11 to file another motion for arbitration that he know or should have known, is pending before magistrate Judge Pollak and he misrepresented to the court as if he attached a fully and complete deposition to his letter which was not true. The deposition that Mr. Rubinstein attached to his letter (Electronic filing 52) is a partial deposition(Missing pages2-14,19-27,32-70,80—122,127-130,132-152,155-199 and of course missing the attachment) such presentation to the court was intended to burden the court with an issue before judge Pollak and as well an attempt to mislead the court.This deposition was not settled then and contained mistakes that should be resolved by the parties and the court reporter before bringing it to the court to make any determination on it..
7. Mr. Rubinstein misrepresented to the court as if I requested a permanent injunction, when it is obvious that the injunction may be removed at any time, once Defendant complies with providing the guarantees requested. So it is entirely up to Defendant when the injunction will discontinue.(This motion was already adjudicated by the court, when Defendant failed to answer the motion on the merits )
8. Mr. Rubinstein misrepresented to the court as if I signed the arbitration agreement so called:"T-mobile Terms & Conditions"(10 pages) which is not true. I signed a two pages letter called: "Important customer information" and this is not an agreement to arbitrate, but just a notice that an arbitration agreement exist among other information, that was provided for their clients.
9. I have not seen the arbitration agreement before Mr. Rubinstein mailed it to me and therefore I was unable to read,understand,agree and sign the papers and thus no valid agreement to arbitrate exist. This was known to Mr. Rubinstein from the start and he was put on notice under rule 11 to this fact, but he proceeded anyway with his baseless claims.
10. Mr. Rubinstein filed the motion to compel arbitration without presenting a valid agreement to arbitrate and therefore he resorted to the bogus claims of agreement by "Breaking boxes" and he continues to this day with these imaginary claims
11. The issue of his motion to compel arbitration is pending before magistrate Judge Pollak and a status conference is set for 6/8/11, and therefore there was no reason to bother this court with an issue that is pending before Judge Pollak.Now he request from this court to refile the same motion which is pending before Judge Pollak.This abuse of process must stop.
12. Due all of the foregoing Mr. Rubinstein must be removed as representative of Defendant because he is a burden to the court and obviously makes a bad service for his client.

Thank you,

Teddy Moore
CC Magistrate Judge Cheryl L. Pollak
Mr. Jason C. Rubinstein, Esq.
Pro Se Clerk

NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:10-cv-00527-SLT -CLP

Moore v. T-Mobile USA, Inc.  
Assigned to: Judge Sandra L. Townes  
Referred to: Magistrate Judge Cheryl L. Pollak  
Cause: 28:1441 Notice of Removal  

Date Filed: 02/05/2010  
Jury Demand: None  
Nature of Suit: 360 P.I.: Other  
Jurisdiction: Diversity  

**Plaintiff**

Teddy Moore

represented by **Teddy Moore**  
88-35 54th Avenue  
Elmhurst, NY 11373  
Email: tm738@yahoo.com  
PRO SE

V.

**Defendant**

T-Mobile USA, Inc.

represented by **Daniel Benjamin Rapport**  
Friedman Kaplan Seiler & Adelman LLP  
7 Times Square  
New York, NY 10036  
212-833-1100  
Fax: 212-373-7922  
Email: drapport@fklaw.com  
*ATTORNEY TO BE NOTICED*

**Jason Charles Rubinstein**  
Friedman Kaplan Seiler & Adelman LLP  
7 Times Square  
New York, NY 10036  
212-833-1131  
Fax: 212-373-7931  
Email: jrubinstein@fklaw.com  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2010 |  | FILING FEE: $ 350, receipt number 4653010867 (Bowens, Priscilla) (Entered: 02/05/2010) |
| 02/05/2010 | 1 | NOTICE OF REMOVAL from the Civil Court of the State of New York, Queens County by T-Mobile USA, Inc. ( Filing fee $ 350) Disclosure |