

**Teddy Moore**
83-26 Broadway #301
Elmhurst NY 11373
917-715-7317
E-mail address: tm738@yahoo.com

May 12, 2011

To: Judge Sandra. L. Townes
   U.S Federal Court for EDNY
   225 Cadman Plaza East
   Brooklyn NY   11201

RE: Teddy Moore V. T.-Mobile USA Inc
   Case:10 CV 00527 (SLT)(CLP)(E.D.N.Y)

Dear Judge Townes,

This is my request to reconsider your decision to deny me am injunction against Defendant's as follows:

1. I was entitled to an injunction against defendant by default.

2. Defendant raised no defense, except for the meritless- claim as if the request for injunction is for permanent injunction and thus unavailable. The injunction is provisional until the defendant provide the guarantees to the case, and if AT&T may be liable there should be no problem for Defendant to present such letter and avoid any decision by this court in this matter.

3. Defendant has not claimed or showed having any defense to the complaint and failed in the last 18 months to comply with discovery, when I complied fully and completely with discovery and may easily prove the case. Defendant objected by false pretenses, to move for evidentiary hearing or move for a trial and is making a mockery of the legal process with impunity.

4. The claim of class representation by Plaintiff should not be "disturbing" to the court, because this court denied class certification on the ground that Plaintiff is pro se, and

once Defendant will provide the discovery a law firm will represent Plaintiff and refile the motion for class certification.

5. This is also Plaintiff's attempt to confer jurisdiction to the court which runs a case without jurisdiction based on misrepresentation by Defendant who violates the law by constant misrepresentations to the court with impunity.

6. The balance of convenience when considering a motion for injunction is in favor of Plaintiff and a denial of this motion renders the litigation as an exercise in futility, because at the end of the process Plaintiff may find no compensation even if he prevails, which is almost a cetrainty.The court's assertion as if AT&T Inc will be liable for a judgment was not conveyed by Defendant and this rule does not apply in New York

7. This court should be concerned for the appearance of justice in this case, where Plaintiff cannot prevail by default on a substantial motion to the court, when after 18 months of litigation Plaintiff has not received any discovery, order of preclusion or sanctions against defendant and the case is running clearly without jurisdiction for so long and Plaintiff attempts to confer jurisdiction to the court seems as "Disturbing" and Defendant is successful for so long to block any movement toward a trial in this case or to settle the case.

8. This court should also be concerned that a case that should have been brought for evidentiary hearing immediately after the illegal transfer, cannot see the light of adjudication on the merits before a jury.

9. Had this court allowed me oral argument as I requested, it would have been beneficial for the court, in this matter, and I regret that this request was not granted to me.

10. Due all of the foregoing the motion for provisional injunction should be reconsidered and granted

Sincerely,

Teddy Moore

    Magistrate Judge Cheryl L. Pollak
    Mr. Jason C. Rubinstein,Esq.
    Pro Se Clerk