FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1131

WRITER'S DIRECT FAX
(212) 373-7931
E-MAIL
JRUBINSTEIN@FKLAW.COM

NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
JESSICA RICHMAN SMITH
TIMOTHY M. HAGGERTY
PHILIP A. WELLNER
AMY K. PENN
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO
KENNETH N. EBIE
KIZZY L. JARASHOW
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
CARI FAIS
SAUMYA MANOHAR

May 17, 2011

**BY ECF AND BY HAND**

The Honorable Sandra L. Townes
U.S. District Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>Teddy Moore v. T-Mobile USA, Inc.</u>, No. 10 CV 00527 (SLT) (CLP)

Dear Judge Townes:

   I represent T-Mobile USA, Inc. ("T-Mobile") in the above-referenced matter. I write in opposition to plaintiff Teddy Moore's motions, dated May 12, 2011 (D.I. 57 & 59), (i) to remove me as counsel for T-Mobile because I filed T-Mobile's motion to renew its motion to compel arbitration (D.I. 52); and (ii) for reconsideration of the Court's Memorandum and Order, dated April 22, 2011 (the "April 22 Order" (D.I. 54)) denying his motion to enjoin AT&T Inc.'s ("AT&T") acquisition of T-Mobile. Both of Moore's motions are frivolous, rife with misrepresentations of fact and law, and should be denied.

   T-Mobile sought to renew its motion to compel arbitration following Moore's recent admission, under oath, that he signed his Service Agreement with T-Mobile and thereby agreed to arbitrate his claims. As this Court has already held, the only issue now before the Court is whether Moore agreed to arbitrate his claims, and as a result of Moore's deposition testimony it is now clear that he has. In seeking to have me removed as counsel for T-Mobile, Moore is essentially attacking the motion to renew on two grounds, neither of which has any merit.

   *First*, he alleges that T-Mobile claimed that he had signed the Terms and Conditions, when he actually "signed a two pages [sic] letter called: 'Important customer

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Sandra L. Townes         - 2 -                    May 17, 2011

information,' and this is not an agreement to arbitrate, but just a notice that an arbitration agreement exist[s] among other information . . . ." (D.I. 57 ¶ 8.) T-Mobile has never claimed that Moore signed the Terms and Conditions; rather T-Mobile's position has always been that Moore signed the Service Agreement, which includes the header "Important Customer Information" and which explicitly states that the customer is agreeing to arbitrate his or her disputes with T-Mobile.

At his deposition Moore conceded that he signed the document with the "Important Customer Information" header – *i.e.*, the Service Agreement – that included his agreement to arbitrate:

> Q. Now, Mr. Moore, before the break, we were discussing Exhibit 1 [the declaration of Alex Abadi, the store clerk who helped Moore sign up for services with T-Mobile].[1] Correct?
>
> A. Yes.
>
> *   *   *
>
> A. Okay. So we have Exhibit 1. And from Exhibit 1 I go to Exhibit B [*i.e.*, the Service Agreement].
>
> *   *   *
>
> Q. So you've seen Exhibit B in one form or another before?
>
> A. Yes. I have seen it, as I told you before. I signed it on the second page of the signature, which is called "Important Customer Information."
>
> *   *   *
>
> A. . . . I haven't signed it in any place, except the signature on the third page after "I am of legal age," et cetera, et cetera. I signed here. I haven't entered anything for the business or for the date, as I recall. And this was the only signature . . . .
>
> *   *   *
>
> Q. But you do recall signing this?
>
> A. Yes.

(Moore Tr. 31:2-32:19.)

---

[1] For the Court's reference, attached as Appendix A, please find Moore Deposition Exhibit 1, to which the Service Agreement was annexed as Exhibit B.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Sandra L. Townes     - 3 -     May 17, 2011

        The document Moore admitted he signed (the Service Agreement, Exhibit B, with the "Important Customer Information") states: "I UNDERSTAND THAT MY AGREEMENT WITH T-MOBILE . . . . REQUIRES MANDATORY ARBITRATION OF DISPUTES . . . ." (Emphasis original.) It also expressly states that Moore's agreement with T-Mobile includes the Terms and Conditions, which describes the parties' arbitration agreement in extensive detail.[2]

        *Second*, Moore alleges that the transcript of his deposition "contained mistakes that should be resolved by the parties and the court reporter before bringing it to the court . . . ." (D.I. 57 ¶ 6.) Tellingly, although T-Mobile has provided Moore with a copy of his transcript, Moore has never identified any errors in the transcript.[3]

        Moore's other grievances are equally frivolous:

- Once again, Moore claims that T-Mobile improperly removed this action (*id.* ¶ 2), even though the Court has already ruled to the contrary. (*See* D.I. 31 at 5.)

- Moore asserts that T-Mobile has served him at the wrong address for the last 17 months (D.I. 57 ¶ 3), although he has never previously complained about such allegedly improper service.

- Moore's accusation that counsel for T-Mobile, either independently or in concert with the Clerk's Office of this Court, "[a]mended" his e-mail address to deny him access to the ECF system (*id.* ¶ 4) is fantastical.

- With no explanation, Moore claims that I mistreated him at his deposition. (*Id.* ¶ 5.) In fact, it was Moore who engaged in inappropriate conduct by refusing to answer legitimate questions, asserting baseless objections, and unilaterally terminating his deposition.

Accordingly, Moore's motion to remove me as counsel for T-Mobile should be denied.

        Moore's motion for reconsideration of the April 22 Order with respect to the proposed merger of T-Mobile and AT&T is also without merit. Moore fails to identify any "matters or controlling decisions which counsel believes the court has overlooked" in denying his application for injunctive relief, as required by Local Civil

---

[2] T-Mobile has also adduced evidence showing that Moore received his T-Mobile wireless handset in a box (i) that included a copy of the Terms and Conditions, and (ii) to which a legal disclosure sticker was affixed, advising Moore that by using his T-Mobile device, he agreed to be bound by the Terms and Conditions, including its arbitration provision. (*See, e.g.*, Appendix A, Declaration of Alex Abadi ¶¶ 5-6.) Although Moore denounces T-Mobile's showing as "imaginary claims" (D.I. 57 ¶ 10), his admission that he signed the Service Agreement renders any dispute as to the packaging of his wireless handset academic for purposes of T-Mobile's motion to compel arbitration.

[3] Nor, before the close of his deposition, did he ever request an opportunity to review or make corrections to the transcript in accordance with Rule 30(e)(1) of the Federal Rules of Civil Procedure.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Sandra L. Townes     - 4 -     May 17, 2011

Rule 6.3. Moore's allegations that T-Mobile has been derelict in its discovery obligations (D.I. 59 ¶¶ 3, 7) are both false, and have no bearing on Moore's entitlement to an injunction. Further, for reasons already recognized by the Court, most recently in the April 22 Order (see D.I. 35 at 10; D.I. 54 at 5), Moore's contention that he is acting on behalf of a putative class (D.I. 59 ¶ 4) is frivolous, and offered in bad faith.[4] Finally, Moore's deadline to move for reconsideration elapsed on May 6, 2011, and his motion is therefore untimely. See Local Civil Rule 6.3. Accordingly, Moore's motion for reconsideration should be denied.

        For the reasons described more fully in our April 19 letter (D.I. 52), we respectfully request that the Court permit T-Mobile to renew its motion to compel arbitration, and that it order Moore to show cause why his conduct should not result in the imposition of sanctions. Moore's most recent applications vividly demonstrate that sanctions are not just appropriate, but essential to curbing his excesses. Without the Court's intervention, Moore will continue to multiply the costs and duration of these proceedings by filing motion after motion that disregards the facts and the law and gratuitously impugns the integrity and professionalism of officers of this Court. In the past, Moore's history of using court submissions to direct invective against members of the bench and bar alike has led to his disbarment by this Court, the U.S. Supreme Court, the U.S. District Court for the Southern District of New York, and the Supreme Court of the State of New York, Second Department. (See D.I. 26 ¶¶ 9-11.) This Court should no longer tolerate Moore's vexatious conduct in this matter.

        Respectfully,

        Jason C. Rubinstein

Attachment

cc:   Hon. Cheryl L. Pollak (by hand and ECF)
      Teddy Moore (by U.S. mail and ECF)

---

[4] In addition, the Service Agreement that Moore now admits to signing contains an unambiguous class waiver provision: "I UNDERSTAND THAT MY AGREEMENT WITH T-MOBILE . . . . REQUIRES WAIVER OF THE RIGHT OF ANY ABILITY TO PARTICIPATE IN A CLASS ACTION IF I DO NOT OPT OUT OF ARBITRATION . . . ." (Emphasis original.)