UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TEDDY MOORE,

                        Plaintiff,

    -against-

T-MOBILE USA, INC.,

                        Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-527 (SLT) (CLP)

**TOWNES, United States District Judge:**

      In a Memorandum and Order dated February 11, 2011 (the "February 11 M&O"), this Court adopted two Reports and Recommendations ("R&Rs") issued in this case by Magistrate Judge Cheryl L. Pollak. In the first R&R, dated November 8, 2010, Judge Pollak recommended denying defendant T-Mobile's motion to compel arbitration, but recommended holding "an immediate trial" to determine whether Moore entered into an agreement with T-Mobile requiring mandatory arbitration. In the second R&R, dated November 15, 2010, Judge Pollak recommended denying both plaintiff Moore's motion to hold T-Mobile and its counsel in contempt and T-Mobile's cross-motion to impose monetary sanctions on Moore.

      Since February 15, 2011 – the date on which the February 11 M&O was entered – the parties have filed seven more motions. The first three of these – all filed by plaintiff – were motions for reconsideration or reargument. On February 23, 2011, plaintiff moved for reconsideration of the February 11 M&O pursuant to Fed. R. Civ. P. 60(b). That motion repeated some of the arguments contained in plaintiff's prior submissions, but did not cite to any new cases or evidence. About one month later, plaintiff sent Judge Pollak a letter motion, requesting that she "reconsider and amend her recommendations." Letter to Magistrate Judge Cheryl L.

Pollak from Teddy Moore, dated Mar. 25, 2011.[1] On April 14, 2011, plaintiff filed yet another letter motion, requesting that Judge Pollak reconsider and amend her R&Rs by recommending that plaintiff be permitted to bring a class action.

On April 19, 2011, defendant requested permission "to renew its motion to stay Moore's claims and compel their arbitration pursuant to the Federal Arbitration Act." Letter to Hon Sandra L. Townes from Jason C. Rubenstein, dated Apr. 19, 2011. Defendant alleged that plaintiff testified at his deposition that – contrary to his prior representations – he had signed the "Service Agreement." Defendant argued that plaintiff consented to arbitration by signing the Service Agreement, and that there was no longer any need for a trial to determine whether Moore agreed to mandatory arbitration with T-Mobile. In addition, defendant sought sanctions, including the costs of bringing the motion to compel arbitration. Plaintiff responded to defendant's application by moving to remove defendant's counsel from the case as "unfit for the task." Letter to Judge Sandra L. Townes from Teddy Moore, dated May 12, 2011.

By letter dated May 12, 2011, plaintiff moved for reconsideration of this Court's April 21, 2011, Memorandum and Order which denied plaintiff's motion to enjoin the acquisition of T-Mobile by AT&T (the "April 21 M&O"). Plaintiff principally argued that defendant raised no defense to the motion or to his complaint, and that he was therefore "entitled to an injunction against defendant by default." *Id.* at 1. However, plaintiff also repeated arguments regarding class certification and subject-matter jurisdiction which were contained in his motion for reconsideration of this Court's February 11 M&O. *See id.* at 1-2.

---

[1] For reasons which are unclear, this letter motion appears to have been docketed twice: first, on March 29, 2011 (Docket Entry No. 44) and then again on April 13, 2011 (Docket Entry No. 50).

2

## *DISCUSSION*

### *The Motions for Reconsideration of this Court's Orders*

Two of plaintiff's motions – the Rule 60(b) motion filed on February 23, 2011, and the letter motion dated May 12, 2011, which seeks reconsideration of the April 21 M&O – seek reconsideration of prior orders of this Court. The standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Neither to these two motions for reconsideration cite to any cases or to any evidence. Rather, the motions seek either to relitigate issues that were previously raised and decided or to raise new arguments. Since these motions do not point to controlling decisions or data that the court overlooked, these motions are denied. *See Shrader*, 70 F.3d at 257.

### *The Motion for Reconsideration of Judge Pollak's Reports and Recommendations*

Two other motions submitted by plaintiff request that Judge Pollak reconsider portions of her R&Rs. The procedures relating to reports and recommendations is set forth in 28 U.S.C. § 636 (b), which provides, in pertinent part:

> [T]he magistrate judge shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

3

However, "[t]he statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 197 (2d Cir. 2003).

Given this framework, plaintiff's requests to amend Judge Pollak's R&Rs are untimely and moot. Plaintiff already filed objections to the R&Rs. This Court ruled *de novo* on those objections and adopted the remainder of the R&Rs, with the exception of one evidentiary ruling. Since this Court has already ruled on the R&Rs, it is too late to amend them.

### *Defendant's request to Renew its Motion*

That portion of Mr. Rubenstein's letter dated April 19, 2011, which requests "that the Court grant T-Mobile leave to renew its motion to stay Moore's claims and compel their arbitration pursuant to the Federal Arbitration Act" is construed as a "pre-motion conference request" for permission to move for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Individual Motion Practices & Rules of Judge Sandra L. Townes, § III.A. Plaintiff shall have until October 17, 2011, in which to respond to this pre-motion conference request by explaining why defendant should not be granted permission to move for summary judgment on the arbitration issue. If plaintiff fails to file a response within the time allowed, or fails to advance arguments suggesting that a pre-motion conference would be fruitful, this Court will set briefing schedule.

### *Defendant's Motion for Sanctions and Plaintiff's Motion to Remove Mr. Rubenstein as Unfit*

This Court will defer ruling on either defendant's motion for sanctions or plaintiff's motion to remove Mr. Rubenstein as unfit until it receives plaintiff's response to defendant's pre-

4

motion conference request. The Court encourages the litigants to treat one another with courtesy and respect and suggests, to this end, that both parties reconsider whether they wish to pursue these motions.

## CONCLUSION

For the reasons set forth above, plaintiff's motions for reconsideration and/or reargument of this Court's orders dated February 11, 2011, and April 21, 2011 (Docket Nos. 38 and 59) are denied. Plaintiff's motions for reconsideration and/or amendment of Judge Pollak's reports and recommendations (Docket Nos. 44, 50 and 51) are also denied.

That portion of defendant's letter dated April 19, 2011, which requests "that the Court grant T-Mobile leave to renew its motion to stay Moore's claims and compel their arbitration pursuant to the Federal Arbitration Act" (Docket No. 52) is construed as a "pre-motion conference request" for permission to move for summary judgment pursuant to Fed. R. Civ. P. 56. On or before October 17, 2011, plaintiff shall file a response to this pre-motion conference request, explaining why defendant should not be granted permission to move for summary judgment on the arbitration issue. If plaintiff fails to file a response within the time allowed, or fails to advance arguments suggesting that a pre-motion conference would be fruitful, this Court will set briefing schedule. This Court will defer ruling on either defendant's motion for sanctions or plaintiff's motion to remove Mr. Rubenstein as unfit until it receives plaintiff's response to defendant's pre-motion conference request.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2011
Brooklyn, New York

5