UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Teddy Moore ) Index No 10-CV-527(SLT)(CLP)
)
      Plaintiff, )
)
-Against- )
)
T-Mobile USA, Inc. )
)
      Defendant, )
)
)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 03 2012
BROOKLYN OFFICE

STATE OF NEW YORK
COUNTY OF NEW YORK SS:

## AFFIRMATION IN OPPOSITION & CROSS MOTION

### PRELIMINARY STATEMENT

This is Plaintiff's affirmation in opposition to the second motion to compel arbitration[1] and a cross motion under Rule 56 and Rule 57 of the Federal Rules of Civil procedure[2], for summary judgment against Defendant on liability and extent of liability as well for declaratory Judgment and some additional alternative reliefs.

### AFFIRMAION IN OPPOSITION

I the undersigned, Teddy Moore, Plaintiff in this case, declare under penalty of perjury as follows:

1. This is my affirmation in opposition to Defendant's second motion requesting to transfer the case to arbitration. (First motion appears on record No.13) the first motion was denied without regard if there is an agreement or not and thus the issue of "Agreement" is irrelevant in this motion as explained in the next page.

---

[1] The so called renewed motion to compel arbitration
[2] And the statute of declaratory judgment Act 28 U.S.C §§2201-2202

2

2. Defendant's motion is frivolous as detailed in my letter to the court dated 10/6/2010 and recorded on the docket as document 66 that is part and parcel of this affirmation in opposition. Defendant's motion is a replay of the same frivolous arguments before Magistrate Judge Pollak with some additional misleading claims about what I signed or not which is irrelevant as is explained later.

3. Magistrate Judge Pollak recommended denying Defendant's request to compel arbitration and this court affirmed the order of Magistrate Judge Pollak,(Record No.35)[3] Judge Pollak decided so without regard to the question if an "agreement" exist and recommended an "immediate trial "as to the issue of "Agreement".

4. No such trial has been conducted and no decision has been made on this issue and therefore Defendant's motion is at least premature. (The parties have not requested any such trial, and there is no need for any trial. It is up to Defendant to present a valid agreement to arbitrate and stop the puffery and let Defendant "Show" the valid agreement to arbitrate without any further games and delays that should have been presented upon filing Defendant's first motion.)

5. Magistrate Judge Pollak recommended so, based on the fact that the agreement, if exist, is not enforceable based on the explanations as detailed in document 66, especially to the fact that I cannot afford the filing fee of more than $10,000 for such arbitration and other arguments.

6. Thus, this motion is in essence an "Appeal" of the court's decision (not to compel arbitration) and this court sits on this matter as an appellate court of his own decision.

7. This is not a request to "renew", because Defendant has not shown anything new. Defendant has not presented a valid agreement to arbitrate or an order as a result of a trial which finds a valid agreement to arbitrate and thus, the motion is utterly frivolous. However, had Defendant

---

[3] "Judge Pollak recommends "denying T-mobile's motion to compel" and holding an "immediate trial"..." and the court "...adopts Judge Pollak's recommendation..."

had such order declaring a "Valid Agreement" it would have been irrelevant to the recommendations by Magistrate Judge Pollak either, because the judge does not predicate her recommendation on the "agreement" rather on the unenforceability of the agreement, if such alleged agreement exist. Defendant failed to deal with the issue of "Unenforceability[4] of the agreement" and for this reason alone the motion must be denied.

8. Magistrate Judge Pollak, should have recommended dismissing the motion to arbitrate on the threshold without applying the French Jurisprudence relating to an "Investigative judge" that is not applicable in USA, A Judge in USA does not investigate, but makes fair and impartial decisions based on the record. The record shows that Defendant filed a motion to compel arbitration without a valid agreement to arbitrate. Such motion should have been dismissed on the threshold and Defendant and its attorney sanctioned under rule 11. Why to investigate when he record is clear? And if not clear, it works against Defendant that bears the burden to prove their motion.

9. Even after my oral deposition Defendant cannot show a valid agreement to arbitrate, that must be in writing and signed by both parties, and even had Defendant shown such agreement, it is not enforceable as I detailed in document 66 and this argument was accepted by Judge Pollak and consequently by this court.

10. Defendant has not explained why the recommendations by Judge Pollak were erroneous, and from this reason alone the motion should be denied as frivolous.

11. The alleged arbitration agreement ("T-mobile Terms and conditions" containing 10 pages)[5] is an adhesion agreement and thus unenforceable, so was declared against Defendant, time and

---

[4] Defendant mentioned only the baseless claim as if Defendant's "agreement" is not unconscionable (Contra to the precedents above) .All other arguments in document 66 were not answered by Defendant.
[5] This 10 page "agreement" which includes the arbitration provision was not seen by me until Mr. Rubinstein mailed it to me in compliance with the request by Magistrate Judge Pollak.

4

again, by Federal Appeals Courts, and the arbitration clause was declared unenforceable and thus void See: Chalk Vs. T-Mobile USA Inc 560 F 3d 1087, Lexis 7878,Lexis 67948,Lowden Vs T-Mobile USA Inc 512 F 3d 1213,Lexis 1190,Certiorari denied Lexis 6681,Lexis 21759. This unenforceable arbitration agreement is running through the entire cell-phone industry see: Shroyer Vs, New Cingular 498 F.3d 976, and Laster vs. AT&T Mobility 584 F. 3d 839.( See record document 16 pages 3-7)

12. Despite the above, Defendant was successful to mislead some lower court judges to rule contra to the federal courts of appeals as approved by US Supreme Court. This court has to put an end to this kind of abusive litigations and impose proper sanction on Defendant and their attorneys.

13. Therefore, I request to deny this "Appeal" as frivolous, absent appellate jurisdiction or any meritorious claim, as well, to impose on Defendant and its attorney proper sanctions for a frivolous motion that is continuing to run along the litigations and this frivolous claim is Defendant's only defense to the case.

_____
Teddy Moore

**NOTARY PUBLIC**
Sworn to before me this ___ day of February, 2012

SANDRA L NEWSOM
Notary Public - State of New York
NO. 01NE6226214
Qualified in Queens County
My Commission Expires _____

---

Nor Ms. Andrea Bacca or any other employee of Defendant has seen me signing this "agreement" .Ms. Bacca has never seen me and I have never seen her. Such a witness to prove anything in this case is utterly ridiculous and entitles defendant's attorney for proper sanctions for abuse of the process.

5