UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
TEDDY MOORE,                                                       :
                                                                   :
        Plaintiff,                                                :    10 CV 00527 (SLT) (CLP)
                                                                   :
  - against -                                                     :
                                                                   :    **LOCAL CIVIL RULE 56.2**
T-MOBILE USA, INC.,                                                :    **NOTICE TO PRO SE**
                                                                   :    **LITIGANT WHO OPPOSES**
        Defendant.                                                :    **A MOTION FOR SUMMARY**
                                                                   :    **JUDGMENT**
------------------------------------------------------------------ x

      PLEASE TAKE NOTICE that defendant T-Mobile USA, Inc. ("T-Mobile") has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure to compel the arbitration of your claims in the above-captioned matter.  This means that T-Mobile has asked the Court to decide the question of whether the parties agreed to arbitrate the claims in this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL, AND REFERRED TO ARBITRATION, IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached as Exhibit A to this Notice.

      In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by T-Mobile and raising specific facts that support your claim.  If you have proof of your claim, now is the time to submit it.  Any

2656320.1

witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to T-Mobile's renewed motion pursuant to Rule 56 to compel arbitration.

       If you do not respond to T-Mobile's renewed motion pursuant to Rule 56 to compel arbitration on time, with affidavits and/or documents contradicting the material facts asserted by T-Mobile, the Court may accept T-Mobile's facts as true. Your case may be dismissed and the arbitration of your claims compelled without a trial.

       If you have any questions, you may direct them to the Pro Se Office.

Dated:  New York, New York
         February 1, 2012

                              Respectfully Submitted,

                              FRIEDMAN KAPLAN SEILER &
                                 ADELMAN LLP

                              */s/ Jason C. Rubinstein*
                              Daniel B. Rapport (drapport@fklaw.com)
                              Jason C. Rubinstein (jrubinstein@fklaw.com)
                              7 Times Square
                              New York, New York  10036-5616
                              (212) 833-1100

                              *Attorneys for Defendant*
                              *T-Mobile USA, Inc.*

**Exhibit A**

**Rule 56.  Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

> **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or

2656320.1

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules ofCivil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds fordenial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement

of additional material facts as to which it is contended that there exists a genuine issue to be tried.

  (c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

  (d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

2656320.1