# Appendix A

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO. CL 03-6006 AI

TRUDY HECHT, and STEPHEN M. FESSLER,
on behalf of themselves and all others similarly situated,
     Plaintiff(s),

vs.

T-MOBILE USA, INC.
     Defendant(s).

_____/

### ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S CLAIMS OR, ALTERNATIVELY, STAY PROCEEDINGS

THIS CAUSE came before the Court November 1, 2004 on Defendant's Motion to Compel Arbitration and Dismiss Plaintiffs' Claims or, Alternatively, Stay Proceedings, with Plaintiff Trudy Hecht and Paul Donlon, Defendant T-Mobile USA, Inc.'s senior program manager, present and all parties well represented by counsel.

Plaintiffs, Trudy Hecht and Stephen M. Fessler, have filed claims against Defendant, T-Mobile USA, Inc., alleging that T-Mobile provides personal communication services wireless calling plans; that they contracted to purchase these services; and that T-Mobile promulgated deceptive and misleading advertisements and engaged in wrongful business practices in connection with the services. They seek class action certification and damages for breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act, and unjust enrichment and a declaration that the arbitration provisions are unenforceable on behalf of class members.

On July 28, 2000, Hecht signed two written contracts for wireless service with T-Mobile's predecessor. Immediately above her signature it stated in bold, albeit small, print:

    Disputes are subject to mandatory arbitration pursuant to
    paragraph 19. See Reverse.

Paragraph 19 on the reverse side provided:

> 19. Mandatory Arbitration. Any controversy, claim, or
> dispute between you and Company arising under this
> Agreement excluding actions by Company to collect
> unpaid charges shall be submitted to final, binding
> arbitration under the auspices of the American Arbitration
> Association ("AAA") pursuant to its published Wireless
> Industry Association Rules, incorporated herein by this
> reference and available by calling the AAA at 800-778-
> 7879 or by visiting its web site at http://www.adr.org.
> Notice of an arbitration commenced by you shall be served
> on the Company's registered agent. All claims shall be
> arbitrated individually and you agree that no person shall
> bring a punitive or certified class action to arbitration or
> seek to consolidate or bring previously consolidated claims
> in arbitration. The arbitrator shall have no authority to
> award punitive damages. YOU ACKNOWLEDGE THAT
> THIS ARBITRATION PROVISION CONSTITUTES A
> WAIVER OF ANY RIGHT TO A JURY TRIAL.

On May 22, 2003, Hecht entered into three other contracts for telephone services all of which contained agreements to arbitrate. Those agreements provided directly above Hecht's signature:

> Disputes are subject to mandatory arbitration in accordance
> with paragraph 3 on the reverse.

Paragraph 3 on the reverse provided for mandatory arbitration of claims; prohibited an award of lost profits, punitive, incidental or consequential damages; required the parties to split arbitration costs but limited Hecht's costs to $25.00 on a claim of less than $1,000 and agreed to pay all administrative costs on claims of less than $25.00; prohibited Hecht from seeking to consolidate any claims with those of third parties; and required each party in arbitration to pay its own counsel, witnesses, and experts' fees and costs.

Fessler ordered his cellular telephone service over the telephone. T-Mobile shipped him a wireless phone in a sealed box. The outside of the box stated

> By activating/using service . . . you acknowledge that you
> have read through the Terms and Conditions of the Service
> Agreement which are found in this box.

The box logically could be opened only by raising its flap. In order to raise the flap Fessler

had to break open a seal used to seal the box at the flap which stated:

> IMPORTANT: Read the enclosed . . . Term & Conditions.
> By using [T-Mobile] Service, you agree to be bound by the
> Terms & Conditions, including the mandatory arbitration
> and early termination fee provisions.

The box included a Welcome Guide which stated:

> Important Note: By activating service, you acknowledge
> that you have read and agree to the terms and conditions of
> the Service Agreement which are found, enclosed in this
> box.

The enclosed terms and conditions contain a mandatory arbitration provision providing that

> ANY CONTROVERSY, CLAIM OR DISPUTE
> BETWEEN YOU AND ARISING UNDER OR IN ANY
> WAY RELATED TO OR CONCERNING THIS
> AGREEMENT, AND/OR OUR PROVISION TO YOU
> OF GOODS, SERVICES, OR UNITS SHALL BE
> SUBMITTED TO FINAL, BINDING, ARBITRATION
> UNDER THE AUSPICES OF THE AMERICAN
> ARBITRATION ASSOCIATION ("AAA") PURSUANT
> TO ITS PUBLISHED WIRELESS INDUSTRY
> ARBITRATION RULES . . .

Fessler activated his wireless service. Though he terminated the service without

penalty within 72 hours, he shortly thereafter voluntarily reactivated the service.

Hecht testified that she is a college graduate; that she was not pressured into entering

into the contracts; and that the T-Mobile representative answered all her questions.

Fessler did not testify. Consequently, there is no evidence before the Court of his

age, intelligence, or sophistication. Indeed, there is no evidence he was unaware of the

arbitration clause

The parties stipulated that the claims brought here fall within the purview of the quoted arbitration provisions. Hecht and Fessler do not contend that T-Mobile waived the arbitration provisions. Instead, they contend the provisions are unconscionabl and hence unenforceable.

The arbitr tion clauses here are subject to the Federal Arbitration Act. Powertel, Inc., v. Bexley. 43 So. 2d 570 (Fla. st DCA 999), rev. den. 763 So. 2d 044 (Fla. 2000) Consequently their alidity is subject to state contract law 9 U.S.C §2 Powertel. To establish his or her agreement is unconscionable, the complaining Plaintiff must establish that the agreement to arbitrate both procedurally and substantiv unconscionable. Steward Agency, Inc. v. Robinson, So. 2d 726 (Fla. 4th DCA 2003) This makes sense: in general, the law recognizes the rights of private parties to control commercial relations by contract. A contract provision should be ded, then, only if both its substance and the manner in which it was caused to be included "shock the conscience. See Belcher v. Kier, So. 2d 1039 (Fl 2d DCA 990 rev. den. 570 So 2d 305 (Fla. 990) A surprising but not otherwise illegal term should be excluded only where there is evidence its inclusion was the subject of artifice force

Based the evidence presented, the Court concludes that both Plaintiffs were offered meaningful opportunities to read their contracts that the placement of the arbitration provisions terms and prompts would have fairly placed Plaintiffs notice of their existence had they chosen to read the contracts an tha Plaintiffs could have oided the arbitration provisions by choosing to contract for cellular telephone services with another provider ot contracting for such services at all Consequently Hecht and Fessler' arbitration agreements were not the product of procedural unconscionability See Gainesville Health Care Center, Inc. v. Weston, 857 So. 2d 278 (Fla. st DCA 2003 Consequently the arbitration provisions enforceable. Cf. BellSouth Mobility LLC v. Christopher, 8 19 So.

2d 171 (Fla. 4th DCA 2002).  Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion is Granted, in part.  These proceedings are stayed until further Court order, to permit Plaintiffs to pursue their claims through arbitration.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this _10_ day of November, 2004.

ELIZABETH T. MAASS
Circuit Court Judge

copies furnished:
Scott G. Hawkins, Esq.
505 S. Flagler Dr., Suite 1100
West Palm Beach, FL  33401

Kenneth J. Vianale, Esq.
5355 Town Center Rd., Suite 801
Boca Raton, FL  33486

Bradley J. Schram, Esq.
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI  48302

Howard D. Finkelstein, Esq.
501 W. Broadway, Suite 1250
San Diego, CA  92101