# Appendix D

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Roy Alinsub and Millicent Diva,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

vs.                                                NO.: CH-05-0283-2

T-MOBILE USA, Inc., and              Class Action
T-MOBILE in its common or assumed name,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIMS AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, STAY PROCEEDINGS

**THIS CAUSE** came before the Court for oral argument on March 22, 2007, on the Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motion to Compel Arbitration and Dismiss Plaintiffs' Claims or, Alternatively, Stay Proceedings. After hearing argument of counsel and being otherwise fully advised in the premises, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that T-Mobile USA, Inc.'s Motion to Compel Arbitration and Dismiss Plaintiffs' Claims or, Alternatively, Stay Proceedings is **GRANTED.** In support of this Order, this Court makes the following findings:

1.     Plaintiff Roy Alinsub ("Plaintiff"), a T-Mobile customer, and T-Mobile entered into a customer service agreement on August 5, 2004, the terms and conditions of which contained an agreement to arbitrate and a class action waiver.

2.     The claims that Plaintiff asserts fall within the scope of his arbitration agreement.

3. The arbitration clause to which Plaintiff agreed is not unconscionable under Tennessee law notwithstanding the inclusion of a class action waiver. Class action waivers in arbitration clauses are not *per se* unconscionable under Tennessee law. *See Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 365 (Tenn. Ct. App. 2001); *see also Spann v. Am. Express Travel Related Servs. Co.*, No. M2004-02786-COA-R3-CV, 2006 WL 2516431, at * 15 (Tenn. Ct. App. Aug. 30, 2006). Moreover, notwithstanding the class action waiver, Plaintiff's arbitration agreement includes procedures that allow consumers seeking damages in a small dollar amount to pursue their claims economically. The clause allows consumers to bring claims in small claims court if they qualify for hearing by such court. The clause also provides that for claims less than $25, T-Mobile will pay a consumer's share of the arbitrator's fees, and for claims between $25 and $1000, the consumer will pay only $25 of the arbitrator's fees. Contracts of adhesion are not per se unconscionable under Tennessee law.

4. Plaintiff cited *Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004) and *Brown v. Tennessee Title*, 2006 WL 2842788, (Tenn. Ct. App. Oct. 4, 2006). These cases do not, however, apply to the T-Mobile arbitration agreement.

5. Plaintiff has not carried his burden of proving unconscionability, and Plaintiff's arbitration agreement must be enforced.

In light of the above findings, the Motion to Dismiss Plaintiffs' Claims and Compel Arbitration or, in the Alternative, Stay Proceedings is GRANTED and this case is hereby STAYED pending arbitration.

DONE and ORDERED in Memphis, Shelby County, Tennessee, this ____ day of May, 2007.

*[signature]*
**ARNOLD GOLDIN**
CHANCELLOR

MAY 0 7 2007

Proposed By:

*[signature]*
Robert L. Crawford (#7216)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
(901-537-1000)

Peter Kontio*
Kristine McAlister Brown*
Stephanie B. Driggers*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

*Admitted pro hac vice*
COUNSEL FOR T-MOBILE USA, INC.

*[signature: Christopher L. Brown CLIC by permission]*
Christopher L. Brown, Esq. #15788
Law Offices of Christopher L. Brown
6800 Poplar Avenue - Suite 125
Memphis, TN 38138
(901) 754-7997

J. Mitchell Clark, Esq.*
Law Office of J. Mitchell Clark
802 N. Carancahua - Suite 1400
Corpus Christi, TX 78470
(361) 887-8500

*Admitted pro hac vice*
COUNSEL FOR PLAINTIFFS

571392.3

*[Stamp: A TRUE COPY-ATTEST, Dewun R. Settle, Clerk & Master, By [signature], D.C. & M.]*

- 3 -