# Teddy Moore

400 East 30th Street
New York, NY 10016
Phone: 917-715-7317
E-mail address: tm738@yahoo.com

**ORIGINAL**

November 15, 2012

To: Judge Sandra. L. Townes
U.S Federal Court for EDNY
225 Cadman Plaza East
Brooklyn NY 11201

RECEIVED
NOV 15 2012
PRO SE OFFICE

**RE:** Teddy Moore V. T.-Mobile USA Inc
<u>Case:10 CV 00527 (SLT)(CLP)(E.D.N.Y)</u>

Dear Judge Townes,

I am Plaintiff in this case and this is my request to set aside the memo & order to compel arbitration (Dated 9/28/12) under rule 60 of the federal rules of civil procedure and let the case proceed in this court, as well, I would like to inform the court that I terminated the services of Mr. James Costo, Esq. as my attorney, and hereby apply to renew my request to appoint for me and for the putative class an attorney to proceed with the case.

### <u>REQUEST TO SET ASIDE</u>

Here are the reasons that this order to compel arbitration must be set aside:

1. Based on the order of the court, the agreement between me and T-Mobile was for a period of 12 months and it states: "On August 31, 2009, at the end of his twelve months contract Moore terminated the service with T-Mobile" (See page 5) and I commenced the

Page | 1

action against T-Mobile on 1/12/2010 (Page 5) There is no provision in the contract that extends the arbitration clause beyond the period of contract.

2. Therefore, when the contract was terminated, after 12 months as intended, the provision of arbitration was terminated with it, and when I filed the lawsuit against defendant months after the contract was terminated, there was no valid agreement to arbitrate anymore and thus, there is nothing to compel. This substantial point has been overlooked by the court.

3. This court states also: "Moore's allegations regarding a $10,000 arbitration filing is unsubstantiated and speculative" (Page 19) However, this claim was undisputed by Defendant. As well, based on my request to appoint for me an attorney, I stated that I am unemployed, live in a homeless shelter and the worth of my property will not exceed $1000 and therefore I cannot pay any fee.

4. Therefore the court's decision in this matter is clearly erroneous because in effect the order dismissed the case because of my poverty. This is not an order to compel arbitration when this court knows that I cannot afford the arbitration costs. For this reason alone the order should be set aside.

5. Defendant voided unilaterally the arbitration agreement, if such exist, by not submitting the issue of a billing dispute to the same agreement to arbitrate and preferred instead to use "self help" by illegal calls. Under the common law when defendant voids unilaterally the arbitration agreement in a material point, Plaintiff has a right to disregard the agreement as void or may consider the agreement voidable and file a notice to void the agreement.( See: Rushton V. Meijer, Inc 225 Mich .App 156 (1997) Therefore I hereby

notify Defendant that the agreement to arbitrate, if exist, is hereby null and void without any effect.

6. According to the common law, arbitration cannot be compelled, if it is not mutual see: Harmon Vs. Phillip Morris Inc 120 Ohio App 3d 187 (1997).Therefore, Plaintiff is not bound to arbitration where defendants decided not to bring the billing dispute to the same arbitration.

7. The billing dispute alleged by Defendant is in essence an attempt to defraud Plaintiff as a business practice, as detailed on the class action complaint and therefore arbitration that involves enforcement of fraud is void Village of Willobrook 37 Il1 App2d 393 (1962) "It is axiomatic that fraud vitiates everything".

8. Defendant as the moving party needed to prove a binding agreement (At least to show their signature to the agreement and show which agreement was signed by Plaintiff). Plaintiff testified that he signed a two page document, but defendant has different versions of two page agreements and it was the duty of defendant to show what was signed by Plaintiff and they failed to show it.

9. The court afforded to defendant a mini trial on this issue but defendant failed to proceed with the mini trail and thus have not proved a binding agreement see: First options of Chicago Inc. Vs Kaplan 514 U.S 938 (1995) there must be a showing that a party signed and is bound by the contract that includes an arbitration clause.(Defendant has not shown any signature by defendant either).

10. The order of the court to afford Defendant a mini trial to prove a contract violates due process. When defendant was unable to present in the motion to compel a valid agreement to arbitrate it was the duty of the court to dismiss the motion.

11. As a matter of public policy claims of fraud or violation of TCPA, which is a kind of fraud, are not arbitable see: Sullivan County v Sullivan County Employees Assoc. 235 A.D.2d 748

## TO APPOINT AN ATTORNEY

12. I terminated the service of Mr. James Costo, Esq because of his failure to respond to my communications by phone and email for a long period of time, which made the representation ineffective.

13. Therefore I request from this court to reopen my motion to appoint for me an attorney that was closed as moot, when Mr. Costo agreed to represent me and the putative class.

Respectfully submitted,

Teddy Moore

CC:  Magistrate Judge Cheryl L. Pollak

Mr. Jason Rubinstein, Esq.

Mr. James Costo, Esq.