FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 02 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TEDDY MOORE,

                           Plaintiff,          **MEMORANDUM AND ORDER**

— against —                                   10-CV-527 (SLT)(CLP)

T-MOBILE USA, INC.,

                           Defendant.
------------------------------------------------------------x
**TOWNES, United States District Judge.**

In a Memorandum and Order dated September 28, 2012 (the "M&O"), this Court granted defendant T-Mobile's motion to compel arbitration and dismissed plaintiff Teddy Moore's claims in this action. In mid-November 2012, plaintiff – who has been represented by counsel since April 25, 2012, when James Roland Costo, Esq., filed a notice of appearance on his behalf – filed a *pro se* motion to "set aside the memo & order . . . under rule 60 of the federal rules of civil procedure." Letter to Judge Sandra L. Townes from Teddy Moore dated Nov. 15, 2012, at 1. On December 5, 2012, about one week after defendant responded to this motion, plaintiff filed a second *pro se* motion, seeking to impose sanctions on defendant's counsel for "perpetrating a fraud upon the court that in essence caused the fraudulent dismissal of [plaintiff's] complaint against defendant T-Mobile." Letter to Judge Sandra L. Townes from Teddy Moore dated Dec. 5, 2012, at 1. In opposing these motions, defendant argues, *inter alia*, that plaintiff's motions should be struck because plaintiff's counsel has not signed either of the motions.

Before addressing the merits of plaintiff's motions, this Court will address defendant's assertion that plaintiff himself cannot bring these motions while he is still represented. Litigants in federal court have a statutory right to act as their own counsel. *See* 28 U.S.C. § 1654.

However, "the rights of self-representation and representation by counsel 'cannot be both exercised at the same time.'" *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (quoting *United States v. Mitchell*, 137 F.2d 1006, 1010 (2d Cir. 1943), *cert. denied*, 321 U.S. 794 (1944)). Thus, "a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained." *Id.* (citing *United States v. Wolfish*, 525 F.2d 457, 462 (2d Cir. 1975), *cert. denied*, 423 U.S. 1059 (1976)).

In his November 2012 motion, plaintiff unequivocally states that he has discharged his attorney. Indeed, plaintiff not only twice states that he has "terminated the services of Mr. James Costo, Esq.," but seeks to renew his request for appointment of counsel to represent both plaintiff and "the putative class." Letter to Judge Sandra L. Townes from Teddy Moore dated Nov. 15, 2012, at 1, 4. Since plaintiff has unequivocally opted to exercise his right to self-representation, Mr. Costo is relieved as counsel and this Court will proceed to consider plaintiff's *pro se* submissions.

*Plaintiff's Motion Pursuant Rule 60*

Plaintiff's first motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

This section "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id.* (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). Rule 60(b) is not a substitute for appeal, *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986), and a Rule 60(b) motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citing cases).

In his first motion, plaintiff largely seeks to relitigate issues which were raised in his opposition to defendant's motion to compel arbitration. Plaintiff's first argument – that the contract containing the arbitration provision terminated months before plaintiff filed his lawsuit – was initially raised in plaintiff's letter of October 6, 2011, *see* Letter to Judge Sandra L. Townes from Teddy Moore, dated Oct. 6, 2011, at ¶8, which was incorporated by reference into plaintiff's Affirmation in Opposition & Cross Motion dated February 2, 2012. Defendant

3

responded to this argument in its Reply Memorandum of Law in Support its Renewed Motion pursuant to Rule 56 to Compel Arbitration. The fact that this Court did not find that this particular argument merited discussion should not be misconstrued as evidence that this Court overlooked this argument. To the contrary, the Court considered this argument and implicitly rejected it in finding that the arbitration clause encompassed T-Mobile's attempts to resolve a billing dispute arising under the contract through means which allegedly violated the Telephone Consumer Protection Act (the "TCPA"). *See* M&O at 14-15.

Plaintiff's second argument – asserting that plaintiff will be unable to afford arbitration – fails to point to issues of law or fact that this Court overlooked. This Court was well aware of plaintiff's penury, and expressly noted that the American Arbitration Association's Commercial Arbitration Rules provide for deferred or reduced fees in cases of "extreme hardship." M&O at 20. Plaintiff has not cited to any authority to contradict the case law cited in the M&O for the proposition that American Arbitration Association's hardship provisions render claims of prohibitive costs speculative. *Id.* (citing *Valdes v. Swift Transp. Co., Inc.*, 292 F. Supp. 2d 524, 534 (S.D.N.Y. 2003)).

Like plaintiff's first argument, plaintiff's third argument – that defendant "unilaterally voided" the arbitration agreement by placing the disputed calls rather than immediately proceeding to arbitration – was initially raised in plaintiff's letter of October 6, 2011, *see* Letter to Judge Sandra L. Townes from Teddy Moore, dated Oct. 6, 2011, at ¶6, which was incorporated by reference into plaintiff's Affirmation in Opposition & Cross Motion dated February 2, 2012. The Court considered this argument and implicitly rejected it in finding that the arbitration clause was enforceable. Again, the fact that this Court did not discuss this

4

meritless argument, which misinterprets the contract as requiring immediate arbitration of any disputes, should not be misconstrued as evidence that this Court overlooked this argument.

Plaintiff's arguments that defendant's collection practices were somehow fraudulent and, therefore, not arbitrable are entirely without support in fact or law. First, even assuming, *arguendo*, that defendant's collection efforts violated the TCPA, these efforts did not constitute fraud. Plaintiff has not cited any authority for the proposition that violation of the TCPA is a type of fraud, and this Court is unaware of any such authorities.[1] Moreover, "fraud claims, whether based on statutory or common law, are arbitrable as a matter of law." *Maritime Ventures Intern., Inc. v. Caribbean Trading & Fidelity, Ltd.*, 722 F. Supp. 1032, 1039 (S.D.N.Y. 1989); *see also Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 854 (2d Cir. 1987) ("fraudulent inducement claims have long been held to be arbitrable as a matter of law").

Finally, plaintiff's arguments that defendant failed to prove that the contract containing the arbitration clause was a "binding agreement" was squarely addressed in the M&O. This Court concluded that "[t]he evidence adduced by T-Mobile" was "sufficient to establish that Moore entered into an arbitration agreement." M&O at 12. Accordingly, this argument seeks "solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, and is without merit.

***Plaintiff's Motion to Impose Sanctions***

Although the M&O granted defendant's motion to compel arbitration, plaintiff requests that this Court sanction defendant's counsel for bringing the motion, alleging that counsel has

---

[1] Although the paragraph in which plaintiff alleges that "violation of TCPA . . . is a kind of fraud" cites to *Sullivan County v. Sullivan County Employees Assoc.*, 235 A.D.2d 748 (N.Y. App. 1997), that case – which is correctly styled as *Matter of County of Sullivan (Sullivan County Employees Assn)* – did not involve the TCPA.

perpetrated a "fraud upon the court." Letter to Judge Sandra L. Townes from Teddy Moore, dated Dec. 5, 2012, at 1. Defendant responds by arguing that this motion is not only meritless, but "vexatious," and requests an order (1) barring plaintiff from filing any further papers in this action; (2) imposing sanctions against plaintiff and (3) directing the Clerk to close this case.

This Court agrees with defendant's counsel that plaintiff's motion is without merit and verges on the vexatious. Nonetheless, this Court does not believe that any purpose will be served by imposing sanctions at this juncture, since plaintiff's claims have already been dismissed and since plaintiff is indigent. However, this Court agrees with defendant that the Clerk of Court should be directed to close this case and that plaintiff should not be permitted to file any further submissions without permission of the Court. Accordingly, it is

**ORDERED** that the Clerk of Court shall close this case and shall not docket any further submissions under Docket Number 10-CV-527, other than notices of appeal or other papers relating to an appeal, without the express permission of this Court.[2] In the unlikely event that either party seeks to file any further submissions relating to this action after the case is closed, the Clerk of Court shall forward such submissions to this Court for a ruling on whether or not they may be filed.

**SO ORDERED.**

/S/ Judge Sandra L. Townes
───────────────────────────
SANDRA L. TOWNES
United States District Judge

Dated: January ⨉ , 2013
Brooklyn, New York

---

[2]This language should not be interpreted as implying that an appeal would be timely or meritorious, or that *in forma pauperis* would or should be granted in connection with this action.

6